AUGUST KAUFMANN, Defendant in Error, *vs.* EMIL SCHILLING, Plaintiff in Error.

1. *Replevin—Property in bulk—Separation of—In what cases action will lie.*— Generally where property cannot be identified or separated so as to be seized in kind, replevin will not lie. But where goods mixed are of the same nature and value, although not capable of an actual separation by identifying each particle, yet if a division can be made of equal value, as in the case of oats, corn or wheat, either party may claim his aliquot part by this action.

*Error to Jefferson Circuit Court.*

*Henry F. Ahlvers*, for Plaintiff in Error.

Replevin will lie only for property which can be specifically distinguished from all other articles of the same kind, by indicia, or ear marks or otherwise. (Blackst. Comm., Vol. I, p. 122, Side p. 151; Bouv. Law Dic., vol. I, [12 Ed.] p. 40; Gray vs. Parker, 38 Mo., 160.)

*P. Pipkin*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

This was a proceeding in the nature of replevin for the recovery of thirty-five bushels of oats, brought before a justice of the peace under the provisions of the statute in regard to the claim and delivery of personal property (2 Wagn. Stat., 817, § 1). On a trial in the justice's court, plaintiff had judgment, and in the Circuit Court the same result followed. The only question of any importance in the case is, whether, under the circumstances, replevin was the appropriate remedy. From the record it seems that plaintiff leased of defendant a farm for the period of one year, for which he was to pay one-half of all the crop raised. The oats in controversy were raised on the farm by the plaintiff, and the thirty-five bushels he claimed as his proportionate share of the balance to be divided. The oats were stored in the house on the premises which the plaintiff had left, and the defendant had taken possession of and refused to give them up. Plaintiff had never delivered or measured any of the oats on hand to the defendant, and when the constable executed the writ, he measured

the thirty-five bushels out of a lot in the house and delivered them to the plaintiff.

The theory upon which the court tried the cause, and which marks the respective positions taken by the counsel in this court, is defined by the declaration of law given for the plaintiff, and one refused for the defendant.

For the plaintiff, the court instructed the jury that if they should find from the evidence that the oats in controversy had been raised on the farm mentioned in the lease, by the plaintiff, and that the same had not been delivered to the defendant and measured to him as his half of the crop of oats, then the plaintiff was entitled to the possession thereof, and the jury should so find.

The defendant asked the court to declare the law to be, that even if the jury should find from the evidence that the plaintiff, when this action was brought, was entitled to the quantity of oats claimed by him, still if such quantity at that time formed a portion of and was intermingled with a large quantity of oats belonging in common to plaintiff and defendant, and was not specifically set apart or designated in some way as the portion coming or belonging to plaintiff, then the plaintiff could not recover and the jury should find for defendant. This declaration the court refused.

It is undoubtedly true that in an action in the nature of replevin, for the recovery of specific chattels, their identity must be shown before they are liable to seizure. (Gray vs. Parker, 38 Mo., 160.) If the personal property sought to be recovered, is not susceptible of identification or separation so as to be seized in kind, replevin is not the proper or appropriate remedy. But where goods are mixed and are of the same nature and value, although not capable of an actual separation by identifying each particle; yet if a division can be made of equal value, as in the case of oats, corn or wheat, then each party may claim his aliquot part. (Story on Bailm., § 40.) In such cases, the owner is allowed to take his own share of the bulk, kind for kind, and measure for measure. (Inglebright vs. Hammond, 19 Ohio, 337; Ryder vs. Hathaway, 21 Pick., 305; Morris on Replev., 90.)

In the case of Henderson vs. Lauck, (21 Penn. Stat., 359) where there was an agreement for the sale of corn, to be paid for on the delivery of the last load, and the corn as hauled to the buyer's mill, was emptied in a heap with other corn, and after the delivery of the last load, the buyer failed to pay, it was held that the mixture did not prevent the reclamation of as much of the corn as the vendor delivered, and that an action of replevin was a proper proceeding for its recovery.

Of course these authorities all apply to cases where the mixture was not willful and the party was not guilty of any wrong. But here the plaintiff raised the oats and was entitled to their possession till a separation or measurement took place, and the proper share was delivered to the defendant, for by the terms of the lease plaintiff was to deliver defendant half at whatever place he might designate. When defendant acquired the possession, by getting control of the house in which the oats were stored, after plaintiff's departure therefrom, he had no right to retain the proportionate share to which plaintiff was entitled. As the oats were all of the same quality, when it was ascertained how many belonged to plaintiff, no valid reason is perceived, why he could not, under this proceeding, obtain them in kind.

I think the judgment should be affirmed; the other judges concur.