————o————

JOHN H. GROFF, Respondent, *vs.* ROBERT N. BELCHE, Appellant.

1. *Sale of personal property—Oats to be threshed and measured—Delivery— When title passed—Confusion of goods—Replevin.*—Oats were purchased and paid for, which were then in stacks, but were to be threshed and measured by the vendor, and then and there delivered to the purchaser, who was to furnish sacks for them, and if he did not furnish enough sacks the balance were to be stored by the vendor. *Held,* that the title passed when the oats were threshed and measured, and the fact that the vendor mixed the oats, for which no sacks were provided, with his own oats, did not divest the title of the purchaser, but that he might have maintained replevin therefor.

*Appeal from Grundy Circuit Court.*

Stephen Peery, *with* Shanklin, Low & McDougal, for Appellant.

Geo. Hall & Daniel Metcalf, for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an action to recover damages for the alleged breach of a contract for the sale of one thousand bushels of oats. The plaintiff bought of the defendant one thousand bushels of merchantable oats, and paid for the same before delivery. At the date of the purchase, the oats were in stacks and ricks, and, by the terms of the contract, they were to be threshed out by the defendant, measured at the machine when threshed, and then delivered to the plaintiff. The plaintiff agreed to furnish sacks for the oats as they were threshed, but in the event he should fail to furnish sacks enough for the entire amount purchased, the residue, for which no sacks should be furnished, was to be stored in pens by the defendant, in good condition. The oats were threshed in two parcels. Between eight and nine hundred bushels were threshed at one place, on the defendant's plantation, and afterwards some three hundred and seventy bushels were threshed at another place. The plaintiff furnished sacks for five hundred bushels only of the first lot, and the remainder was put in pens, which he afterwards took away.; no complaint was made as to the quality of this lot. When the second lot was threshed, the plaintiff failed to furnish any sacks, and his portion was put up in the same pen with the oats belonging to the defendant, and remained there for some weeks. The oats were in good condition, and met the requirements of the contract, when stored, though nothing is said as to the manner in which they were secured in the pens.

The entire transaction was in February or March. Certain persons, acting for the plaintiff, afterwards took from the pen, containing the three hundred and seventy bushels, the plaintiff's share thereof, rejecting some which were wet and injured,

26—VOL. LXII.

and frozen in lumps, put them into sacks, and delivered them to plaintiff. These oats were not in good merchantable condition when sacked.

The plaintiff, who had judgment below, proceeded upon the theory, that the title to the oats, for which no sacks were furnished at the time of threshing, never passed to him, until they were taken away by him ; that there was no delivery by the defendant to him prior to that time, and as the oats when sacked were not merchantable, the defendant was liable to him in damages for a breach of his contract.

Although the money had been paid, the contract of sale was undoubtedly executory, until the oats were threshed and measured. Such was the intention of the parties. When the oats were threshed and measured, the property in them passed to the plaintiff. They had been paid for ; they were at the place of delivery agreed upon; the quantity had been ascertained, and they were of the quality bargained for. That such also was the understanding of the parties, was evidenced by the agreement, that, if not sacked by the plaintiff at the time of threshing, they should be put in pens ; a precaution on the part of plaintiff, which would have been wholly unnecessary if the delivery was not to be complete, until he furnished the sacks. The defendant was bound to deliver to him good merchantable oats, and it would have been immaterial to him how he kept them prior to delivery. It is quite clear that they were to be penned as the plaintiff's oats.

Having been threshed and measured, and the plaintiff having failed to furnish the sacks, the defendant, according to the agreement, put them in pens, but mixed them with his own oats.

This intermingling of his own and plaintiff's oats, however, could not have the effect of re-vesting him with the title which his previous acts had transferred to the plaintiff. The plaintiff might have maintained replevin for his portion. (Kaufman vs. Schilling, 58 Mo., 218 ; Henderson vs. Lauck, 21 Penn. St., 359.) As the title to the oats was in the plaintiff at the time they were stored, and as it continued in him,

notwithstanding they were mingled with the defendant's oats, in the absence of any evidence of negligence on the part of the defendant in securing them against the weather in the pen, the plaintiff must bear any loss resulting from natural causes after they were so stored.

The point made about the acceptance of the oats by the persons, who took them away for the plaintiff, requires no consideration at our hands. As the second and third instructions given for the plaintiff, and the second instruction given for the defendant, are not in harmony with the view of the case here taken, the judgment will be reversed and the cause remanded. The other judges concur, except Judge Vories, who is absent.