ALVIN P. HUFF, Respondent, v. ALLEN HENRY, Appellant.

57   341
98  ²201

Kansas City Court of Appeals, March 26, 1894.

1. **Replevin**: SPECIFIC PROPERTY: MINGLED GOODS. In order to maintain replevin the goods must be specified, so they can be identified before seizure; but where goods of the same nature and value are mixed so that each particle can not be separated and identified, as oats, wheat, etc., then each party may claim his part and replevin will lie.

2. ———: ———: PART OF CROP. *Held*, replevin will lie for the sixth part of a matured crop of corn standing in the field, especially where the defendant set off to the officer with the writ such corn and the parties agreed that it was plaintiff's due proportion.

*Appeal from the Carroll Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

*J. B. Hale* and *J. W. Sebree* for appellant.

(1) The petition on its face shows that plaintiff claims an undivided one-sixth interest in a crop of corn standing, growing and being on seventy acres of land on farm of defendant, hence this form of action will not lie and the demurrer to the petition should have been sustained. *Jones v. Dodge*, 61 Mo. 369, and cases cited; *Kaufmann v. Schilling*, 58 Mo. 218 (distinguished); *Lindsay v. Phelps*, 71 Mo. 522; *Pulliam v. Burlingame*, 81 Mo. 114, 115. (2) Likewise the objection of defendant to the introduction of any evidence in support of the petition should have been sustained. *Jones v. Dodge, supra*, and cases cited; 71 Mo., *supra*.

*Jas. F. Graham* and *Virgil Conkling* for respondent.

(1) Appellant finally insists that corn on the stalk, although fully matured, is not the subject of replevin, and that an aliquot part thereof cannot be replevied. That replevin will lie for corn ungathered and standing in the field, has been distinctly affirmed by both the Missouri supreme court and this court of appeals. *Garth v. Caldwell*, 72 Mo. 627; *Salmon v. Fewell*, 17 Mo. App. 119; *Smock v. Smock*, 37 Mo. App. 64. This is also a well recognized rule in other states, as declared by a number of courts. *Matlock v. Fry*, 15 Ind. 483; *Scriven v. Moote*, 36 Mich. 66; *Hecht v. Dettman*, 56 Iowa, 679; *Simpson v. DeHaven*, 93 Ind. 483; *Kaufmann v. Schilling*, 58 Mo. 219; *Gardner v. Dutch*, 9 Mass. 407; *Kimberly v. Patchin*, 19 N. Y. 330. And particularly: *Sutherland v. Carter*, 52 Mich. 471; 18 N. W. Rep. 223; *Ellingbor v. Braken*, 36 Minn. 156; 30 N. W. Rep. 657. (2) The case at bar is unlike the case of *Jones v. Dodge*, 61 Mo. 368. In that case it was sought to replevin four hundred and fifty bushels of corn out of a field of fifteen acres. Part of it had been gathered, and one-third of the remainder belonged to Dodge. The court said that no division was practicable or attempted. But in this case it was not bushels but rows that were taken out of the field. Plaintiff took simply one-sixth of the rows. The division was as practicable and fair as in the *Kaufmann case*. In that case thirty-five bushels of oats were measured out; in this case one-sixth of the number of rows of corn were counted out. There is no difference of principle in the two divisions. *Wattles v. Dubois*, 67 Mich. 313; 34 N. W. Rep. 672. In addition to all this, we repeat that this division was by agreement. Appellant cannot now say that such a division cannot be made. It was made, and that with appel-

lant's consent. *Lobdell v. Stowell*, 51 N. Y. 70. Further, the testimony absolutely fails to disclose any complaint made by appellant then or now concerning the fairness of this division.

GILL, J.—This is a replevin suit for certain corn matured and standing in the field. The issues were tried by the court, sitting as a jury, resulting in a finding and judgment for the plaintiff, and defendant appealed.

It seems that one James Henry agreed with defendant Allen Henry to cultivate his (Allen Henry's) farm —each to receive a certain portion of the crops grown. During the year Allen Henry, the owner, continued to reside on the farm and James boarded with him. It seems that Allen Henry was to, and did, furnish the farming implements, seeds and work animals, while James was to supply the necessary labor. It is doubtful then whether the relation of landlord and tenant existed, or whether James was a mere cropper—working on the shares. Towards the close of the farming season James Henry sold to plaintiff Huff his one-sixth interest in seventy acres of corn grown on the premises. Plaintiff attempted to gather and remove the corn he had thus purchased, but Allen Henry refused to allow it on the alleged ground that James Henry owed him, etc., whereupon this action was brought.

The main contention seems to be that replevin will not lie because not brought for the recovery of certain specific property, but rather for a certain proportion of a larger mass.

As to this point, the case of *Kaufmann v. Schilling*, 58 Mo. 218, would appear controlling. There the plaintiff rented certain land of the defendant and was to have half the oats grown on the premises. The grain

was gathered and stored all together in the bin. The defendant, who had taken possession of the farm, denied plaintiff's right to take his share. Plaintiff was allowed to recover his portion in replevin, the court, by WAGNER, J., using this language: "It is undoubtedly true that in an action in the nature of replevin, for the recovery of specific chattels, their identity must be shown before they are liable to seizure. If the personal property sought to be recovered is not susceptible of identification or separation so as to be seized in kind, replevin is not the proper or appropriate remedy. But where goods are mixed and are of the same nature and value, although not capable of an actual separation by identifying each particle, yet if a division can be made of equal value, as in the case of oats, corn or wheat, then each party may claim his aliquot part. (Story on Bailment, sec. 40.) In such case the owner is allowed to take his own share of the bulk, kind for kind and measure for measure. (*Inglebright v. Hammond*, 19 Ohio, 337; *Ryder v. Hathaway*, 21 Pick. 305; Morris on Replevin, 90.)"

But the facts of the case at bar make it even stronger for the plaintiff than the one just cited. The testimony shows that when the sheriff went onto the the defendant's farm to execute the writ, the defendant set off to the sheriff the plaintiff's one-sixth of the corn, and the parties agreed that such part so set off was James Henry's due and proper proportion. The corn then sued for was not only "susceptible of indentification or separation so as to be seized in kind," but *was separated and identified* by the defendant himself. Replevin, then, under the circumstances, was the appropriate remedy.

The other points raised in defendant's brief go merely to the court's ruling on the weight or tendency of the evidence, the correctness of the court's finding

on the evidence, etc. We have nothing to do with this. The plaintiff's abstract does not purport to set out the entire evidence, but simply states an outline of what the counsel deemed its substance.

We discover no reason for reversal. The judgment of the circuit court is, therefore, affirmed. All concur.