## BOWLES LIVE STOCK COMMISSION COMPANY, Appellant, v. GUY HUNTER, Respondent.

### Kansas City Court of Appeals, January 6, 1902.

1. **Attachment: BURDEN OF PROOF: INSTRUCTION: PREPONDERANCE OF EVIDENCE.** In civil cases the rights of the party are to be determined by the preponderance of the evidence, and in attachment cases the same rule prevails as to fraud; so it is error to instruct that the cause of attachment must be "proved actually" to the satisfaction of the jury.

2. ———: **CAUSES OF: INSTRUCTION: REMITTING JURY TO THE AFFIDAVIT.** In an attachment it is error for an instruction

to remit the jury to the affidavit to ascertain the issues to be determined.

3. ———: GOOD FAITH: BONA FIDE DEBTS: INSTRUCTION. Instructions for the guidance of juries should employ plain and unambiguous English, and to tell the jury that if defendant assigned his property in good faith and for the purpose of paying or securing his bona fide debts, that the assignment was not made to hinder, etc., without defining the terms "good faith" and "bona fide," is error.

4. ———: INTENT OF CONVEYANCE: EFFECT: INSTRUCTION. On the trial of a plea in abatement, the plaintiff is entitled to an instruction to the effect that every man is presumed to intend the nature and consequence of his own act, and that an intent to hinder or delay, or defraud, or either of them, is sufficient, and if the object or effect of the alleged conveyance was to do either one of the three things, the attachment should be sustained.

5. ———: FRAUD: INSTRUCTION: SUGGESTION AS TO FUTURE TRIAL. The facts in the record suggest an instruction found in Hardware Co. v. Riddle, 84 Mo. App. 280, as proper on a second trial.

Appeal from DeKalb Circuit Court.—*Hon. A. D. Burnes,* Judge.

REVERSED AND REMANDED.

*Hewitt & Blair* for appellant.

(1) A conveyance may be fraudulent though made to secure a bona fide debt. Nat. Tube Works Co. v. Machine Co., 118 Mo. l. c. 375. (2) In suit by attachment grounded on conveyance so as to hinder and delay creditors, plaintiff is not burdened with the necessity of showing an intent to hinder or delay. Noyes, Norman & Co. v. Cunningham, 51 Mo. App. l. c. 196. Gens & Tiede v. Hargadine & Co., 56 Mo. App. l. c. 249. (3) No matter how pure the intention of the parties may have been at the time of the execution of the mortgage, still if the necessary effect was to delay, or hinder or defraud creditors, it is fraudulent and void. Potter v. Mc-

Dowell, 31 Mo. l. c. 69; Hall et al. v. Goodnight, 138 Mo. l. c. 587; State to use v. O'Neill, 151 Mo. l. c. 85. (4) Plaintiff's refused instructions should have been given. Potter v. McDowell, 31 Mo. l. c. 69; Hall et al. v. Goodnight, 138 Mo. 586. (5) To instruct a jury that fraud must be proved "actually to the satisfaction of the jury," is reversible error. Grocery Co. v. Sanders & Henrich, 74 Mo. App. l. c. 659. (6) It is error to refer the jury to the pleadings for the issues, or to refer them to anything for them. The instruction should define the issues. Procter v. Loomis, 35 Mo. App. l. c. 488; Grant v. Railway, 25 Mo. App. l. c. 232. (7) The jury should not have been left to guess at the technical meaning of the words, "in good faith" and "bona fide" in defendant's instruction. Dry Goods Co. v. Schooley, 66 Mo. App. l. c. 415.

*Thos. E. Turney* and *James E. Goodrich* for respondents.

(1) The court did not err in refusing plaintiff's instructions numbered 8 and 9, because both were misleading, and because all the issues had been covered by the instructions already given. West v. West, 144 Mo. 119. The eighth instruction is bad because the effect of all chattel mortgages is to hinder and delay other creditors, but they are not thereby rendered fraudulent. Hardwick v. Cox, 50 Mo. App. 509; Bank v. Russey, 74 Mo. App. 651. (2) The court did not err in giving instructions 1, 2, 3 and 4 prayed by the defendant. Neither of the instructions is open to the objections urged by appellant. Neither of the instructions tell the jury that fraud must be proved to the satisfaction of the jury. Neither of them refers the jury to the pleadings for the issues.

SMITH, P. J.—This is an action by attachment. The affidavit therefor alleged nine of the statutory grounds which

were put in issue by the plea in abatement.    There was a trial
to a jury which resulted in judgment for defendant and plain-
tiff appealed.    The errors assigned by the plaintiff for the re-
versal of the judgment relate to the action of the trial court
in the giving and refusal of instructions.

The defendant's first instruction told the jury "that the
burden of proving the existence of one of the grounds alleged
is upon the plaintiff, and proof that plaintiff had good reason
to believe, and did believe, in the existence of one or more of
the grounds of attachment alleged by him is not sufficient, but
it *must be proved actually to the satisfaction of the jury* that
defendant was not a resident of the State of Missouri, that the
debt sued for was fraudulently contracted on the part of the
debtor, or that the defendant had done or was about to do one
of the other acts alleged."    We can not approve this instruc-
tion for the reason that it is at variance with the well-estab-
lished rule which prevails in this State to the effect that in
civil cases the rights of the parties are to be determined by the
*preponderance of the evidence.*    It is sufficient for the party
having the affirmative of the issue to a verdict that the facts
and circumstances tending to prove it outweigh the evidence
to the contrary.    In strictly legal actions, as that here, fraud
like any other fact may be established by a mere preponder-
ance of the evidence, and where it is an issue it must be sub-
mitted to the jury wherever it is inferable from all the facts
and circumstances which the evidence tends to establish.
Marshall v. Ins. Co., 43 Mo. 586; Edwards v. Knapp, 97 Mo.
432; Grocery Co. v. Sanders, 74 Mo. App. 657.    Contrary to
these principles, the instruction under consideration told the
jury that to entitle the plaintiff to recover it must be "proved
actually" to the satisfaction of the jury, that the debt sued for
was fraudulently contracted by defendant, and thereby made
the verdict of the jury depend not on the preponderance of
the evidence but upon a different degree of proof.    While we
are in doubt as to exactly what was meant by the terms of the

instruction referred to, we do not doubt that such terms when employed in an instruction are calculated to confuse and mislead the jury, and for that reason if for no other an instruction containing such terms should not be given.

This instruction is objectionable for the further reason that it remitted the jury to the attachment affidavit to ascertain the issues which it was called upon to determine. Such an instruction has several times been disapproved. Remmler v. Shenuit, 15 Mo. App. 192; Proctor v. Loomis, 35 Mo. App. 482; McGinnis v. Railroad, 21 Mo. App. 399.

The defendant's fourth instruction told the jury *inter alia* that if the property was sold or assigned by defendant, *"in good faith and for the purpose of paying or securing his bona fide debts"* then such sale or assignment was not made to hinder, delay or defraud his creditors. We are at a loss to know what an ordinary jury, composed of farmers and others of average intelligence, would understand by an expression like that just quoted when found in an instruction given for its guidance. While in the terminology of legal science these terms have a well-defined and fixed meaning with which courts and lawyers are familiar, yet such terms are neither generally used nor understood by the laity. Courts in giving instructions for the guidance of juries should employ plain, unambiguous English, to the end that their pathway of duty be made so plain that "a wayfaring man, though a fool, may not err therein." In Dry Goods Co. v. Schooley, 66 Mo. App. loc. cit. 415, in condemning an instruction containing terms similar to those employed in that now under review, it was said: "One reason why it should not have been given is, that neither it nor any other instruction (as is the case here) defined the terms" therein employed. The jury was not presumed to know the meaning of such terms, and as to that it was left to its own conjecture. The giving of this instruction was therefore improper.

Vol 91 app—22

We are unable to discover any reason for the refusal of the plaintiff's eighth instruction which declared that "every man is presumed to intend the natural and necessary consequences of his own act. The intent may be to hinder or delay creditors, as well as to defraud them, and either is sufficient under the statute. And if you believe from the evidence that the object or effect of the execution of the chattel mortgage in evidence from defendant to James Ewart and A. Z. Hunter was to defraud or hinder or delay plaintiff or any of defendant's creditors, then you should find for the plaintiff." It is but the repetition of the expression of a rule which has been approved by the reviewing courts in other like cases. In State v. O'Neill, 151 Mo. loc. cit. 85, it was said: "In this connection it should be borne in mind that subdivisions 7 and 8 et seq. of section 521 of the attachment act, Revised Statutes 1889, do not require that there should be a fraudulent intent to 'hinder, delay, or defraud' in making the conveyance; it is the legal effect of that conveyance which the law looks to; it suffices, therefore, that the result of the conveyance is either of those three forbidden things. As is pertinently observed by RICHARDSON, J., in Reed v. Pelletier, 28 Mo. loc. cit. 177: 'The term fraud as understood in the statute concerning fraudulent conveyances, has the same meaning in the attachment law, and it is not necessary to show that the act originated in any meditated design to commit a positive fraud or to injure other persons. There are many acts not the result of intentional fraud which the law, nevertheless, from their tendency to deceive other persons, or from their injurious consequences to the public, prohibits as being within the same reason and mischief as actual fraud. And whatever, by the judgment of the law, is denounced as fraudulent must be regarded in the same light in reference to an act or transaction which is made the ground of an attachment; and if the act charged to have been committed is fraudulent, actual or constructive, it will be inferred that the party intended its nat-

ural and ordinary results should follow. There is no difference in principle between fraud in fact and fraud in law. Where the direct and inevitable consequence of an act is to delay, hinder or defraud creditors, the presumption at once conclusively arises that such illegal object furnished one of the motives for doing it, and it is thus upon this ground held to be fraudulent. . . . ."

Since the judgment will be reversed, it is pertinent to say that should there be another trial of the cause, and the evidence adduced should be like that in the present record, the court could with propriety give some such instruction as that given by it on its own motion in Hardware Co. v. Riddle, 84 Mo. App. loc. cit. 280. See, also, McDonald v. Hoover, 142 Mo. 484; Bank v. Powers, 134 Mo. 432; Farwell & Co. v. Meyer, 67 Mo. App. 566. The plaintiff was entitled to a submission of the case, had he requested it, on the theory outlined in the instruction just referred to.

The judgment is reversed and cause remanded. All concur.