BLURTON et al., Appellants, v. HANSEN et al.,
Respondents.

St. Louis Court of Appeals, February 23, 1909.

1. **REPLEVIN: Description of Property.** A complaint in replevin must give such description of the property sought to be recovered as will enable the officer to identify it when he undertakes to execute the writ. Property described in such a complaint as twenty-five hundred pounds of zinc and lead ore, the same being a quantity of said ore delivered to the defendants on a certain date to be milled by defendants, was a sufficient description to admit evidence in support of the complaint.

2. ————: ————: **Mixing Property with Other Property.** The fact that in the same complaint it was alleged that the property had been damaged by the defendants' mixing it with a quantity of other and cheaper ore, did not render the description insufficient, so as to justify the trial court in sustaining an objection to the introduction of evidence in support of the complaint.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*Benton & Ruark* for appellants.

(1) The description of the property sued for is sufficient and as good as could be given of such chattels. Crum v. Ellisten, 33 Mo. App. 591; Bank v. Jennings, 18 Mo. App. 651; Hill v. Robinson, 16 Ark. 90. The fact that defendants had mixed plaintiffs' ore with other ore of a cheaper grade would not defeat their recovery if the ore thus mixed could not be identified and separated, a question the court could not know or determine without the hearing of testimony. (2) If one wilfully intermixes his money, corn or hay with that of another, without his knowledge or approbation, or casts his gold in a like manner into another's melting pot, our law, to guard against fraud, allows no remedy

in such case, but gives the entire property without account to him whose original dominion is invaded and endeavored to be rendered uncertain without his consent.   2 Blackstone, Com., 405; Cobbey on Replevin, secs. 403, 404, pages 211, 222; 8 Cyc. 571; 24 Ency. of Law 481; Cooley on Torts, 53; Davis v. Krum, 12 Mo. App. 279; Franklin v. Gumessell, 9 Mo. App. 84; Dry Goods Co. v. Jacobs, 66 Mo. App. 368; Tootle v. Buckingham, 190 Mo. 194; Land Co. v. Isom, 70 Ark. 99; Wilkensen v. Stewart, 85 Pa. St. 255; Stearns v. Raymond, 26 Wis. 74; Sanson v. Rose, 65 N. Y. 411; Wingate v. Smith, 20 Me. 287; Adams v. Wilder, 107 Mass. 124; Hentz v. The Idaho, 93 U. S. 573, 23 L. Ed. 978; Seed Co. v. Burk, 92 Texas 187, 47 S. W. 95.

*A. E. Spencer* and *C. C. Spencer* for respondents.

The action of replevin is brought for the recovery of the possession of certain specific personal property, and the petition or affidavit must describe the property so that the specific property itself can be identified and seized by the officer serving the writ.   Pierce v. Langdon, 2 Idaho 878, 28 Pac. 401; Stevens v. Osman, 1 Mich. 92, 48 Am. Dec. 696; Kierbow v. Young (S. Dak.), 107 N. W. 372; Hawley v. Kocher, 123 Cal. 77, 55 Pac. 696; Cooke v. Aguirre, 86 Cal. 479, 25 Pac. 5; Smith v. McCoole, 5 Kan. App. 713, 46 Pac. 988; Cobbey on Replevin, secs. 23, 73; 24 Am. and Eng. Enc. Law, 481. And the fact that plaintiffs might have judgment for the value in case the property cannot be returned does not avoid or render less necessary a sufficient description of the property in the complaint.   Pierce v. Langdon, 2 Idaho 878, 28 Pac. 401; McLennan v. Livingston, 108 Ga. 342, 33 S. E. 974.

STATEMENT.—This action was instituted before a justice of the peace by filing the following statement verified by affidavit:

"Now on this day come the plaintiffs and for cause of action against defendants, state that they are lawfully entitled to the possession of 2,500 pounds of zinc and lead ore, the same being a quantity of said ore delivered to the defendants on the ——— day of July, 1907, to be milled by defendants, of the value of fifty dollars. That the same is now wrongfully detained by the defendants at the county of Newton aforesaid; that the same has not been seized under any process, execution or attachment against the property of plaintiffs; that said property has been damaged and injured by defendants in that the same has been mixed with a quantity of other and cheaper ore; that for the taking and detention of said property and for all injuries thereto plaintiffs are damaged in the sum of twenty dollars.

"Plaintiffs further state that they will be in danger of losing the said property unless it be taken out of the possession of said defendants. Wherefore plaintiffs pray judgment for the recovery of said property and twenty dollars damages for the detention thereof and for all injuries thereto."

According to the recitals in the abstract, the petition was accompanied by a replevin bond in the ordinary form with a penalty of one hundred dollars. An order of delivery was issued to the constable for the property described in the statement and the constable returned he had executed the order "by taking into my possession the within named property." Summons was issued in the ordinary form and served on defendants M. P. Welton and H. C. Hansen, who retained the ore by executing a delivery bond which recited the property had been attached by the constable under a writ of attachment. The judgment of the justice also indicates the action was treated as one of attachment and not of replevin, for his transcript recites an attachment and summons had been executed and contained an entry of judgment in favor of plaintiffs "for $50, the amount sued for, and $20 damages." Defendants appealed to

Blurton v. Hansen.

the circuit court where the case came on for trial before a jury, but defendant's counsel objected to the admission of any testimony for plaintiffs, assigning as a reason merely that the petition failed to state facts sufficient to constitute a cause of action. The objection was sustained, plaintiffs taking an exception, and thereupon the jury was discharged and judgment entered dismissing the cause. Plaintiffs appealed to this court.

GOODE, J. (after stating the facts).—The only question argued and presented for our determination is whether the description of the property in the statement was sufficient to let in evidence to establish a right of possession in plaintiffs, and it is unless a verdict on it would be arrested. [Donaldson v. Butler Co., 198 Mo. 163.] We do not say defendants might not have exacted by motion a more specific description. They preferred no definite objection against the description when they objected to the reception of evidence, and if this had been done, perchance the complaint might have been amended to describe the property more specifically; a circumstance of some influence. Speaking generally, a petition or complaint in replevin must give such a description of property sought to be recovered as will enable the officer to identify it when he undertakes to execute a writ for the caption of it. [Maloney v. Smith, 7 Mo. App. 578; Gray v. Parker, 38 Mo. 160; Kaufman v. Schilling, 58 Mo. 218.] Plaintiffs have described the property involved as twenty-five hundred pounds of zinc and lead ore, the same being a quantity of said ore delivered to the defendants on a certain date to be milled by defendants. It is further alleged the property was wrongfully detained by defendants at the time the action was brought in the county of Newton. If this ore could be found and identified, it might be replevied; that is, it was personal property

and fell within the scope of the remedy of replevin.
Stating the quantity in pounds, and the kind of ore,
and that it was the same ore theretofore delivered on
a certain date to defendants to be milled by them, is,
perhaps, as certain a description as the property was
susceptible of; and we cannot say without evidence on
the subject, it would be impossible for the officer to
identify it from the description.  If he was enabled to
identify it by inquiry, the description was enough and
it seems he was able to do this, for, according to his
return, he took possession.  [Sexton v. McDoud, 38
Mich. 148; Cobbey, Replevin (2 Ed.), sec. 547, note 9.]
Many cases of good and bad descriptions are collected
in the note to Wells on Replevin (2 Ed.), p. 155, and in
Cobbey, supra, and from those authorities we consider
this one good enough for the admission of evidence.
Approaching more closely to the contention of defend-
ants, we find the gist of their argument to be, not that the
aforesaid description standing alone, would be inade-
quate, but that it was made so by the further statement
wherein it was said the property had been damaged and
injured by defendants mixing it with a quantity of oth-
er and cheaper ore.  It is argued this mixture of plain-
tiffs' ore with other ore would prevent it from being
identified, and therefore, the complaint, as a whole,
contained no proper description.  Several things are
to be remarked concerning this argument.  In the first
place it is apparent the allegations regarding the mix-
ture of the properties were not insisted on as part of
the description, but to obtain damages on account of
the injury done to plaintiffs' ore.  We do not know but
what plaintiffs' ore, or some of it, could be distinguish-
ed and separated from defendants' and if it could be,
the mixture would not stand in the way of recovery.  It
is for a jury to say about this.  [Cobbey, sec. 401; Cold-
well v. Pray, 41 Mich. 307.]  Nor do we know how
much inferior ore was mixed with it, and the quantity
might have been so inconsiderable the fact could be

ignored, as far as plaintiffs' right to recover for their own property is concerned. And sometimes where stuff has been commingled, a plaintiff may take his part. [Cobbey, sec. 404; Kaufman v. Schilling, supra.] Then, again, the mixture may have been wrongly made by defendants so that plaintiffs would be entitled to recover their property even though some of defendants' was taken with it. [Wells, sec. 291; Cobbey, sec. 405; Tootle v. Buckingham, 190 Mo. 183.] Our conclusion is the objection ought to have been overruled and evidence received to ascertain whether plaintiffs' property could be ascertained, or, if it could not be, whether defendants were so far to blame as to prevent them from taking advantage of the mixture of goods.

The judgment is reversed and the cause remanded. All concur.