. HUGH LUMSDEN, Appellant, v. CHARLES HOWARD, Respondent.

Springfield Court of Appeals, January 14, 1922.

1. **SALES: Buyer of Corn Paying Part of Price Has Title and May Maintain Replevin.** Under Revised Statutes 1919, 2170, where a buyer of corn paid $50 down to bind the bargain, the title passed to him subject to the seller's right of possession until payment of the balance of the purchase price, and he could maintain replevin against the seller.

2. ———: **Buyer's Absence from Place of Delivery Held to Excuse Nondelivery of Corn Ready for Delivery, but not of Balance Purchased.** Though title to corn sold had passed to the buyer, where he was not at the place of delivery to receive it, the seller, who had hauled two loads seven miles to such place, and who thereupon sold it to a third person, was not liable for his failure to deliver such loads, but was not thereby excused for failing to deliver the balance of the corn sold.,

3. ———: **Instruction Held not to Submit Principle of Rescission, but of Excuse for Nondelivery.** In replevin by a buyer of corn against the seller, an instruction that, if the seller was prevented from delivering the corn by the buyer's not being at the place of delivery and furnishing a place for it, the verdict should be for defendant, did not submit the principle of rescission, but that of excuse for failure to comply with the contract.

4. **REPLEVIN: Instruction, Requiring Direct and Positive Evidence of Damages, Held Misleading.** Though in replevin, plaintiff did not prove any damages as that term is usually understood, an instruction that he must prove damages by direct and positive testi-

mony was likely to mislead the jury, as plaintiff was not required to prove any part of his case by direct and positive 'evidence, but might offer any competent evidence, whether direct or circumstantial, and was only required to prove his case by a preponderance of the evidence.

5. SALES: In Action by Buyer, Seller's Conversation with Third Person and Weigher's Receipts for Corn Sold Him, Held Inadmissible. In replevin by a buyer of corn against a seller who upon hauling a part of the corn to the place of delivery did not find the buyer there and sold it to a third person, what he said to the third person about not being able to find the buyer, and weigher's receipts for such corn, should not have been admitted.

6. Evidence: Testimony of Defendant that He Did not Have Any Corn Belonging to Plaintiff, Inadmissible as a Conclusion. In replevin, defendant's testimony that at the time of the service of the summons and writ, he did not have in his possession any corn belonging to plaintiff, was a conclusion of his own on a matter which it was the province of the jury to determine.

Appeal from Circuit Court of New Madrid County.—*Hon. Sterling H. McCarty*, Judge.

REVERSED AND REMANDED.

*Harry C. Blanton* for appellant.

(1) Replevin will lie for the recovery of goods sold but not delivered even though mixed, if of the same nature and a division of equal value can be made, such as in the case of oats, wheat or corn, and each party may recover his aliquot part. 2 McQuillin's Missouri Practice, page 1290, sec. 2093; Kaufman v. Schilling, 58 Mo. 218; Groff v. Belche, 62 Mo. 400; Huff v. Henry, 57 Mo. App. 341; Mine. Co. v. White, 106 Mo. App. 222, 80 S. W. 356; Sikes v. Freeman, 204 S. W. 948. (2) Title to the corn passed to plaintiff upon the sale and payment of the fifty dollars, and even though defendant was not in Canalou to receive the corn when delivery was tendered, it was his, and he can recover it by action in replevin. Groff v. Belche, 62 Mo. 400; Estes v. Harnden, 153 Mo. App. 381, 134 S. W. 43. (3) An instruction must not be broad-

er than the pleadings, and if it is, is erroneous. Moss v. Jacksonville Co., 226 S. W. 592; Rawlings v. Frisco Ry., 175 S. W. 935; Scrivner v. Mo. Pac., 169 S. W. 83, 260 Mo. 421. (4) An instruction must not be broader than the proof. Rawlings v. Frisco, 175 S. W. 935; Riley v. City of Independence, 167 S. W. 1022, 258 Mo. 671. (5) An instruction requiring plaintiff in civil suit to prove his case by direct and positive testimony is erroneous, because casting too great a burden upon him. Grocery Co. v. Sanders, 74 Mo. App. 657; Long v. Martin, 152 Mo. 668, 54 S. W. 473; Culbertson v. Hill, 87 Mo. 553; 1 Blashfield's Instructions (2 Ed.), sec. 295, p. 635.

BRADLEY, J.—This cause is in replevin for 319 bushels of corn. Defendant gave a delivery bond and retained the corn. A jury trial resulted in a verdict for defendant, and plaintiff appealed.

The petition and affidavit are in the usual form. The answer is a general denial. Plaintiff claims that on March 13, 1920, he bought 350 bushels of corn from defendant, and paid $50 down. Defendant claims that he sold plaintiff no certain number of bushels; that he did sell plaintiff some corn, but that plaintiff got all he bought and all that defendant sold to him. Other necessary facts will appear in the course of the opinion.

Plaintiff in effect makes two assignments: (1) That the court erred in giving certain instructions requested by defendant; (2) that certain evidence was erroneously admitted over plaintiff's objection and exception.

The two instructions complained of are numbered 7 and 10, and are as follows: "(7) The court instructs the jury that in case you find from the evidence in the case that Lumsden bought 350 bushels of corn from Howard, to be delivered by Howard, and that Howard was prevented from delivering said corn by Lumsden not being at the place of delivery and furnishing a place for the said corn and that Howard was prevented in delivering said corn therby, then your verdict should be for the defendant. (10) The court instructs the jury that

before you can find for plaintiff upon the question of damages, that plaintiff must prove such damages by direct and positive testimony, and that such damages was caused by the wrongful act of the defendant.''

Defendant lived about seven miles from Canalou where the corn was to be delivered, and defendant brought two loads in, and plaintiff was not present at the minute, and no definite place, according to defendant, had been determined upon where the corn might be put, so defendant sold these two loads to one Daugherty. There was no evidence that defendant brought any more corn except these two loads when plaintiff was not present to receive it, or had not provided a place for it, yet instruction 7 reads like defendant had endeavored to deliver the whole 350 bushels and could not because of plaintiff not being present to receive it, or failing to furnish a place to put it. If plaintiff bought the corn, as he claims, and paid $50 down to bind the bargain, then the title therein passed to him, subject to defendant's right to the possession—till balance of purchase price was paid, and plaintiff could maintain replevin. [Sec. 2170, R. S. 1919; Woodburn v. Cogdal, 39 Mo. 222; Sikes v. Freeman, 204 S. W. (Mo. App.) 948; Huff v. Henry, 57 Mo. App. 341; Kauffman v. Schilling, 58 Mo. 218; Groff v. Belche, 62 Mo. 400. And merely because plaintiff was not present to receive the two loads and had not provided a place to put the two loads would certainly not excuse defendant for failing to deliver the balance. At most plaintiff's failure to be present to receive or to furnish a place to put the two loads would affect only these two loads and no more. The evidence discloses that defendant made no effort to find out whether plaintiff had provided a place to put the two loads. If he had it is clear that he would have found a place. But defendant says that he sold these two loads to Daugherty because plaintiff was not at Canalou to receive them and had provided no place. If this were true then we do not think that defendant could be held for these two loads. Defendant had hauled the corn seven miles, and he was en-

titled to have a place to unload at Canalou, where he was to deliver, without running the plaintiff down to find a place, and without peddling the neighborhood to find out if plaintiff had provided a place. Plaintiff contends that since the title had passed to him, it made no difference about his absence or failure to furnish place, and to support this contention plaintiff cites Groff v. Belche supra, and Estes v. Harnden, 153 Mo. App. 381, 134 S. W. 43. We are of the opinion that these cases do not support plaintiff's contention; nor have we found any case to support such proposition. We hold that if plaintiff was not present to receive the two loads of corn, or had failed to prepare a place of which defendant knew then plaintiff cannot recover for the two loads, and on another trial an instruction to this effect should be given if requested. Plaintiff further challenges instruction number 7 on the ground that it is broader than the defense pleaded. He urges that the instruction brings forward the principle of rescission and, rescission not having been pleaded, it was error to give this instruction. We do not think that the instruction submited the principle of rescission, but rather the idea of excuse for failure to comply.

Instruction number 10 is challenged on the ground that it requires more than the law with reference to the kind of evidence by which plaintiff may establish his case. Plaintiff did not prove any damages as that term is usually understood in replevin; but such an instruction has no place in this case, and would likely mislead the jury. Plaintiff was not required to prove any part of his case by *direct* and *positive* evidence. He might offer any competent evidence whether direct or circumstantial, and was required to prove his case by the preponderance of the evidence. [Bauer Grocery Co. v. Sanders et al., 74 Mo. App. 657; Bowles Live Stock Com. Co. v. Hunter, 91 Mo. App. 333; Culbertson v. Hill, 87 Mo. 553.] In Bowles Live Stock Com. Co. v. Hunter, supra, an instruction told the jury "that the burden of proving the existence of one of the grounds alleged is upon the plaintiff, and proof that plaintiff had good reason to believe,

and did believe, in the existence of one or more of the grounds of attachment alleged by him is not sufficient, but it must be proved actually to the satisfaction of the jury that defendant was not a resident of the State of Missouri, that the debt sued for was fraudulently contracted on the part of the debtor, or that the defendant had done or was about to do one of the other acts alleged.'' This language was condemned. The court said: ''We cannot approve this instruction for the reason that it is at variance with the well-established rule which prevails in this State to the effect that in civil cases the rights of the parties are to be determined by the preponderance of the evidence. It is sufficient for the party having the affirmative of the issue to a verdict that the facts and circumstances tending to prove it outweigh the evidence to the contrary.''

Defendant, over plaintiff's objection, was permitted to prove what he said to Daugherty about bringing the two loads of corn to Canalou for plaintiff, and not being able to find plaintiff, etc. Also defendant was permitted to offer in evidence the two weigher's receipts for the two loads of corn sold to Daugherty. We can see no bearing that this evidence could possibly have on the issues involved, and it should not have been admitted. Plaintiff further complains that defendant was permitted to testify that at the time of the service of the summons and writ on him he did not have in his possession any corn belonging to plaintiff. It was the province of the jury to determine whether defendant had any corn belonging to plaintiff. Defendant's statement was no more than a conclusion of his own, and it may or may not have been prejudicial, but it is the general rule that witnesses are required to state the facts, and that the jury draw the conclusion.

The cause should be reversed and remanded, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.