## FORD *v.* CHAMBERS.

It is error to instruct a jury, in a civil case of imputed fraud, that if they have a doubt of the guilt of the party charged, they must find in his favor. Issues of fact in civil cases are determined by a preponderance of testimony, and this rule applies as well to cases of fraud as to any other.

The rule applicable to criminal cases where the jury have doubt of the guilt of the accused, is inadmissible in civil cases.

APPEAL from the Seventeenth District.

Trespass by Jerry Ford to recover damages for goods alleged to have been taken by defendant from possession of plaintiff. The answer set up that the goods belonged to and were in possession of William Ford ; and that defendant, as Sheriff, levied on them under execution issued on a judgment in favor of Arrington & Co. against said William Ford. The point upon which the decision in this Court turned, renders any further statement of facts unnecessary. Plaintiff had judgment below ; defendant appeals.

*Hoge & Wilson*, for Appellant.

The instruction of the Court applying the rule in criminal cases—where the jury have doubt as to the guilt of the accused—to civil cases, was erroneous. The jury in civil cases must be governed by the weight of testimony, and find according to the preponderance of proof.

*Pratt & Wheeler*, for Respondent.

The instruction complained of is erroneous in stating that " fraud

may be presumed ; " but the latter part of the instruction, to which appellant objects, is right.    If the jury were in doubt as to the fraud, who but the plaintiff should have the benefit of the doubt. The rules of evidence in civil and criminal cases are substantially the same.    " The chief distinction which prevails, will be found to originate in that caution which is always observed when life or liberty is in question, and in those benign presumptions with which the law meets every accusation involving moral turpitude."    (1 Phil. Ev. 834 ; 1 Greenl. Ev. 65.)    Certainly, a charge of fraud involves moral turpitude ; and the true spirit of the law is invoked with as much propriety in behalf of a party thus accused, in a civil suit, as if the action was in form a criminal prosecution.    Besides, the instruction went simply to the question of fraud, and not to all the issues presented.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

The Court erred in instructing the jury that " fraud may be presumed, but the circumstances going to make up such presumption must be of such a nature as weigh with a reasonable mind, and if doubts of the fraud charged by the defendant against plaintiff are entertained by the jury, the plaintiff is entitled to the benefit of such doubt."

This instruction was given at the instance of the plaintiff.    We understand the charge to assert, as law governing civil cases, the rule applicable to criminal cases, that where a doubt is entertained by the jury of the guilt of the party inculpated, this is sufficient to justify a finding in favor of the party accused of it.    But, even in criminal cases, the principle, as above announced, would require limitation, and in civil cases it is wholly inadmissible.    Issues of fact in civil cases are determined by a preponderance of testimony ; and this rule applies as well to cases in which fraud is imputed as to any other.

Upon reviewing the testimony in this case, we are strongly inclined to the opinion that there was no such actual delivery of the goods proved as made the contract between William Ford and Jerry Ford complete, as against the former's creditors ; but we prefer not to

pronounce definitely upon this matter, as the testimony, as actually delivered, may, as we know it frequently does, differ from that reduced to writing and presented in the form of a statement.

Judgment reversed and cause remanded for a new trial.