OLLY WILLIAMS, Appellant, *v.* WILLIAM B. WATSON *et al.,* Respondents.

*Justices' Courts—Appeals.*—The appellant from the judgment of a justice may file an amended affidavit and appeal bond in the appellate court.

*Practice—Evidence.*—The rule in criminal cases, that if there be a reasonable doubt of the guilt of the defendant the jury should acquit him, has no application to civil suits.

*Appeal from St. Louis Law Commissioner's Court.*

This was a suit brought before a justice against Watson, a constable, and his securities, for failing to return an execution placed in his hands within the time prescribed by law. The justice, having rendered his judgment in favor of the plaintiff, William B. Watson, one of the defendants, made his affidavit for an appeal. Himself and security then signed a blank bond which was not filled up or approved until after the ten days allowed for taking an appeal had elapsed ; and the justice transmitted a transcript from his docket of the docket entries in said case, with all papers pertaining thereto, to the Law Commissioner's Court. After the case had been docketed, plaintiff moved the court to dismiss the appeal for the reason that but one of the defendants had appealed, and that one for himself alone ; and for the further reason that no sufficient appeal was taken by that one defendant for even himself, the bond taken on the appeal having been neither filled out, attested nor approved, until after the lapse of the ten days allowed for perfecting an appeal, and never having been signed or ratified by either principal or security after filling, and never having been approved by the justice taking it. The defendant Watson, for himself and co-defendants, filed a counter-motion for leave to file a new affidavit and bond.

The court overruled the motion of plaintiff, and sustained the motion of defendant, allowing the filing of new affidavits, &c. ; the trial of the case was then proceeded with before the court, which subsequently rendered judgment for the defendants.

At request of defendants, the court gave the following instruction :

1. That if, from all the evidence in the case, it is doubtful whether said execution was delivered to said Watson, as alleged by the plaintiff, or not, the verdict of the court sitting as a jury should be for the defendants.

Williams v. Watson et al.

*J. B. Higdon*, for appellant.

I. The Law Commissioner's Court erred in entertaining the motion of defendants to file a new affidavit and bond, the application to file same being made under § 7, p. 973, R. C. 1855, and § 17, p. 975. In regard to the affidavit there was "no want of an affidavit." (Bucker v. Eddings, 7 Mo. 115; State v. Porter, 26 Mo. 201; Brown v. Burns, 8 Mo. 26; Curl v. Mann, 4 Mo. 272; Hood v. Mathis, 21 Mo. 308.)

II. In the instruction given for defendants declaring it necessary "for plaintiff to show a delivery to William B. Watson, (the constable,) to entitle him to recover," the court erred, it being a well settled principle of law, "that a delivery to a deputy would be sufficient to hold the principal, he being responsible for the official acts of his deputy."

*Van Wagoner & Wingate*, for respondents.

I. The court below committed no error in overruling the plaintiff's motion to dismiss the appeal and allowing the defendants to file a new or amended affidavit and bond. (R. C. 1855, p. 975; Jamison v. Yates, 7 Mo. 571.)

II. It is true, formerly under the old law appeals were dismissed for a defective recognizance, and there was no authority in the appellate court to hold on to them and require them to be perfected; but under the present law the appellee has now the express power to have any recognizance perfected which is any way defective. (10 Mo. 287; R. C. 1855, § 7, p. 975.)

III. Counsel contend that the defendants had a right to file an affidavit and bond in the appellate court before the plaintiff's motion to dismiss was disposed of, even though no affidavit had been filed before the justice, or if a defective bond had been filed there. (Jamison v. Yates, 7 Mo. 571; 10 Mo. 287.)

BATES, Judge, delivered the opinion of the court.

1. There was no error in permitting the defendants to file

an affidavit and recognizance in the appellate court.  (R. C. 1855, p. 973, § 7, and p. 975, § 17.) And after they were filed the motions to dismiss the appeal were properly overruled.

2. The instruction given for the defendants was palpably wrong.  Even in a criminal case there must be a *reasonable* doubt to acquit the defendant, and the principle has no application to a civil case.

Judgment reversed and cause remanded.  Judges Bay and Dryden concur.