(11 Misc. Rep. 141.)

## PEOPLE v. STEPHENSON.

(Supreme Court, Special Term, Kings County. January, 1895.)

CRIMINAL LAW—REASONABLE DOUBT.

A statement in the charge that the rule that a defendant's guilt must be established beyond reasonable doubt "does not mean that it shall be conclusively established" is erroneous, as not giving full force to the term "reasonable doubt."

John T. Stephenson was convicted of a crime, and applies for a stay pending appeal. Granted.

Benjamin F. Tracy, Almet F. Jenks, and John Vincent, for the motion.

John D. Lindsay, Asst. Dist. Atty., opposed.

GAYNOR, J. The law does not cast upon me the duty of concluding or deciding whether error was committed upon the trial, in order to determine whether I must grant the stay applied for. On the contrary, if any assigned error, sufficient, if well founded, to reverse the judgment, give rise to "a reasonable doubt," the law makes it my duty to inquire no further, but to stay the execution of the judgment until the question be settled upon appeal. Code Cr. Proc. § 527. I think there is reasonable doubt of the correctness of a vital part of the charge of the learned trial judge. It was the duty of the learned trial judge to instruct the jury, clearly and ungrudgingly, in behalf of the defendant that, "in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." Id. § 389. This safeguard of persons accused of crime is not peculiar to our law, but substantially existed in the Roman law, and also in the Jewish, which probably constituted the most minute and scrupulous system of criminal jurisprudence which ever existed. Having in mind his duty in the premises, the learned trial judge correctly told the jury that the

guilt of the defendant had to be established beyond a reasonable doubt, and he then added:

"That does not mean beyond all doubt. It does not mean that it shall be conclusively established. It means a higher order of proof than a mere preponderance of evidence. It must be more specific than a mere preponderance of evidence."

And then he added, in conclusion:

"You must be in such a frame of mind that (after considering all of the evidence and circumstances) you can say that your reason is satisfied; that there is no reasonable doubt; not that you are evenly divided, not that you think it possible that it is so, but that there is such a reasonable certainty that you can say that this defendant is guilty."

It seems to me that there is reasonable doubt whether the learned trial judge, after charging the proposition which the defendant was by law entitled to the benefit of in all its fullness and expressiveness, did not straightway so reduce and minimize it by what he added as to fall short of submitting it in its full force and meaning. The rule of reasonable doubt is more often obscured than elucidated by attempts to define it. After correctly stating the rule, that the prosecution had to establish the defendant's guilt beyond a reasonable doubt, the learned trial judge immediately added, in warning and caution, which must have affected the minds of the jury: "That does not mean beyond all doubt. It does not mean that it must be conclusively established." I think it open to reasonable doubt whether this be not a diminution of the rule, whereas it will bear no diminution. Is it so that the guilt of a defendant need not be conclusively established? What does conclusively mean? In the nomenclature and terminology of the law, has it any other than its ordinary meaning? And, in the ordinary understanding of the word, must not the guilt of one accused be conclusively established; that is to say, established as the only conclusion which may in reason follow the facts? It may be that even this does not exclude reasonable doubt; but, at all events, can anything short of it exclude reasonable doubt? Not only must the guilt of the defendant follow as the only conclusion of reason before a conviction may be had, but, in addition to that, if a reasonable doubt follow, a conviction may not be had; so that beyond reasonable doubt seems to be even stronger than conclusively. It seems to me that a thing is correctly said to be conclusively established when it is the reasonable conclusion, and the only reasonable conclusion, from the facts; and this, at least, must be the case to establish guilt, for, if even a reasonable doubt of guilt result from the facts, guilt may not, under our law, be found as the conclusion. And why not? Simply and only because in that case the evidence is not legally conclusive of guilt, because it leads to reasonable doubt, which by law excludes the conclusion of guilt, or, in other words, prevents guilt from being conclusively established, which but for it would be the case. Professor Greenleaf, in his Treatise on Evidence, which has become a legal classic, says:

"In civil cases it is sufficient if the evidence, on the whole, agrees with and supports the hypothesis which it is adduced to prove; but in criminal cases it must exclude every other hypothesis but that of the guilt of the party."

And again:

"It is therefore a rule of criminal law that the guilt of the accused must be fully proved. Neither a fair preponderance of evidence nor any weight of preponderant evidence is sufficient for the purpose, unless it generate full belief of the fact, to the exclusion of all reasonable doubt."

Is not this, at least, saying that guilt must be conclusively established? Is saying that every other conclusion, and also reasonable doubt, must be excluded before guilt may be found, less than saying that guilt must be conclusively established? The reverse seems to me the case. When we say that we have conclusively proved or shown a thing, we mean that it follows as the only conclusion that may flow from our facts. We do not mean that we have that actual knowledge which precludes the possibility of error or mistake. The word "conclusively" has never had such a meaning. I may exhibit the word in all its infirmity and weakness by saying that it often happens that things universally believed in and deemed conclusively established in one age of mankind become to a subsequent generation such palpable absurdities that the difficulty is to imagine how they ever appeared credible. In this sense do men use the word, and not as excluding the possibility of error. So that, when the learned trial judge told the jury that the guilt of the defendant did not need to be conclusively established, I do not see that they could have understood him in the exaggerated sense that it did not need to be established beyond the possibility of the defendant being innocent in fact, in spite of appearances, but rather that they understood it in the sense in which we ordinarily use it. It is true that the learned trial judge told the jury in the same connection that beyond a reasonable doubt "means a higher order of proof than a mere preponderance of evidence," and that "it must be more specific than a mere preponderance of evidence"; but this fixed no rule or standard for the jury, and may have tended to perplex them. And it seems to me that the concluding words of the learned trial judge did not restore to the rule the force of which he had already stripped it. He told the jury that it is enough if, upon a consideration of all the evidence and circumstances, they are in such a frame of mind that they can say that their reason is satisfied; that there is no reasonable doubt; and then finally added: "Not that you are evenly divided, not that you think it possible that it is so, but that there is such a reasonable certainty that you can say that this defendant is guilty." Instead of seeing anything in this tending to a just definition of the meaning of reasonable doubt, it seems to me that it only detracts from the true, obvious, and forceful meaning which the words themselves convey. The rule of "reasonable certainty" which the learned judge lays down as excluding reasonable doubt seems to me questionable. The rule of reasonable certainty may be applied by juries in civil actions, because the certainty required in such actions does not exclude the existence of reasonable doubt. In a civil action it is enough that the jury be reasonably certain, by reason of a preponderance of evidence, which does not mean that they must have no reasonable doubt, no doubt founded in rea-

son.   But in a criminal action the jury may not convict because on the whole they are reasonably certain of guilt.   On the contrary, to convict, they must be without a reasonable doubt, even though there be a clear preponderance of evidence on the side of guilt. There seems to be a question concerning the punctuation in a sentence of the learned trial judge above quoted; but if we read it that the jury must be in such a frame of mind that they, that "you can say that your reason is satisfied that there is no reasonable doubt," without any stop after the word satisfied, I still fail to see in it any definition of reasonable doubt by which the grave previous detraction from the just meaning of the words may be deemed nullified or withdrawn.

I have looked into this case with all the more care because it is one in which it is not less important that all the forms and appearances of justice be carefully observed than that justice itself be done. The defendant, a captain of police, was convicted of receiving two baskets of peaches for refraining from doing his official duty.   It is therefore wholesome that I should not altogether ignore the statements that others who are his superiors are without prospect of punishment or reprobation, though they stand accused, or indeed confessed, of having received large sums of money, even hundreds of thousands of dollars, as gifts from indivduals for having performed official duty, or for the way in which it was performed.  ·If there be even in casuistry any distinction between receiving private gifts for doing official duty, or for not doing it, by any public officer, whether governor, judge, or police official, the moral sense of civilization has never perceived, much less tolerated, it.   The circumstances surrounding this defendant's case make manifest the grave necessity of observing every form and appearance of justice before he be finally imprisoned, lest his conviction, affording a disagreeable contrast, prove more demoralizing to society than his acquittal would have been; for, through mazes of sophistry and masses of immaterial facts and suggestions, the aggregate mind goes straight to the mark.

Let the certificate be prepared; bail to be fixed on notice.   Application granted.