BAUER GROCERY COMPANY, Appellant, v. SANDERS and HENRICH, Defendants; B. H. SANDERS, Interpleader.

### St. Louis Court of Appeals, April 29, 1898.

Instruction: FRAUD. An instruction which tells the jury that to enable plaintiff to relief on the issue of fraud, it must be *clearly* proven, thereby making the verdict of the jury depend not on the preponderance of the testimony, but upon a degree of proof implied by the terms "*clearly proven*," which term signifies a greater degree of proof than is implied in mere preponderance of the evidence, is not the law.

*Appeal from the Butler Circuit Court.*—HON. JNO. G. WEAR, Judge.

REVERSED AND REMANDED.

S. M. CHAPMAN, WOOD & DOUGLAS for appellant.

Instruction numbered 1 is not a correct statement of the law as to the proof required to establish the fact

that a conveyance is fraudulent. *First.* By requiring the fraud to be "clearly proven" it requires from the plaintiff a higher degree of proof than is the rule in civil cases, to which cases of fraudulent conveyance are not an exception. *Second.* The instruction misstates the rule of law as to evidence in such cases in saying that the fraud must be clearly proved by specific acts and circumstances tending to prove fraud. State v. Mason, 96 Mo. 559; State v. Mason, 112 Mo. 374, 382; Blue v. Penniston, 27 Mo. 272; Renney v. Williams, 89 Mo. 139. *Third.* The instruction is erroneous in stating to the jury that "the presumption of law is that the business transactions of every man are done in good faith and for an honest purpose." 2 Wharton on Ev., sec. 1248; 2 Thompson on Trials, sec. 2290. Instruction numbered 2 is erroneous for two reasons: It, and likewise instructions 3 and 4, practically tells the jury that the sale by Henrichs and the sale by Mary E. Sanders stand on the same footing.

MURRAY & RENFRO and G. D. TINCH for respondents.

It is urged that the court erred in giving to the jury, on behalf of the interpleader, instructions numbered 1, 2, 3 and 4. Instruction numbered 1 is as follows: "The court instructs the jury that fraud is never presumed, but must be clearly proved to entitle a party to relief on the grounds of fraud, and the presumption of law is, that the business transactions of every man are done in good faith, and for an honest purpose, and anyone who alleges that such acts are done in bad faith or for a dishonest purpose, takes upon himself the burden of showing by specific acts and circumstances tending to prove fraud, that such

acts were done in bad faith.'' This instruction is supported by the following cases: Weinstein v. Reid, 25 Mo. App. 41; Ahlman v. Meyer, 19 Neb. 66; Martin v. Fox, 40 Mo. App. 668; Steinwender v. Creath, 44 Mo. App. 356; Dallon v. Renshaw, 26 Mo. 533, 544; Chapman v. McIlrath, 77 Mo. 38–44; Webb v. Darby, 94 Mo. 621–629.

BOND, J.—Plaintiffs are creditors of Mary E. Sanders and Charles Henrich, as copartners under the firm of Sanders and Henrich, and on the twenty-third of March, 1897, plaintiffs brought an attachment suit for $457.04 and caused the writ to be levied upon certain merchandise as belonging to their said debtors. The property was sold by order of the court. Thereafter B. H. Sanders interpleaded in the cause and alleged that he was the owner of the attached property. Upon issues attacking his title for fraud, the case was tried, and after a verdict in his favor, a judgment "of restitution of the property in controversy" was entered, from which plaintiffs appealed to this court.

As no complaint is made in the motion for new trial of the sufficiency of the evidence to sustain the verdict (Blakely v. Ry, 79 Mo. 388; Mahan v. School District, 29 Mo. App. 269), it need not be set out *in extenso*. We will assume that there was evidence pro and con on the issues raised by the interplea, and proceed to examine the errors assigned as to the instructions given and as to the reception and rejection of the evidence. The first instruction given for interpleader, over plaintiffs objection, is, to wit:

"The court instructs the jury that fraud is never presumed, but must be clearly proven to entitle a party to relief on the ground of fraud, and the presumption of law is that the business transactions of every man are done in good faith and for an honest purpose, and

INSTRUCTION.

anyone who alleges that such acts are done in bad faith or for a dishonest purpose takes upon himself the burden of showing, by specific acts and circumstances tending to prove fraud, that such acts were done in bad faith."

This instruction is "*clearly*" erroneous. It violates the fundamental principle governing the triers of the fact in purely legal actions, which is, that it is sufficient to entitle a party having the affirmative of an issue to a verdict, that the facts and circumstances tending to prove the proposition asserted by him should outweigh the evidence to the contrary. When the equilibrium of proof is destroyed, it matter not how slightly, the jury in a civil action are warranted in rendering a verdict in favor of the side to which the beam tilts. In strictly legal actions, fraud, like any other fact, may be established by a mere preponderance of the evidence, and the issue as to fraud must be submitted to the jury whenever it is inferable from all the evidence and circumstances characterizing the transaction. State to use v. Mason, 112 Mo. loc. cit. 382. Contrary to these principles the court in the instruction under review in effect told the jury that to entitle plaintiff to relief on the issue of fraud, it must be *clearly* proven, thereby

MEANING of "clearly proven."

making the verdict of the jury depend not on the preponderance of the testimony, but upon a degree of proof implied by the terms "*clearly proven*," which terms signify a greater degree of proof than is implied in mere preponderance of the evidence. This is not the law. Marshall v. Ins. Co., 43 Mo. 586, affirmed in Edwards v. Knapp, 97 Mo. 432. As this conclusion necessitates the reversal of this case, it is unnecessary to discuss the other objections urged by appellant. It may be well, however, to call the attention of the court to the fact that the judgment rendered in this case was erroneous in so far

as it ordered the return of the property which had already been disposed of under the orders of the court. The judgment is reversed and the cause remanded. All concur.