THOMPSON LUMBER CO. v. INTERSTATE COMMERCE COMMISSION.

(Commerce Court, February 13, 1912.)

No. 19.

1. COMMERCE (§ 88*)—RATES—UNREASONABLENESS—REPARATION—LACHES.
    Where the Interstate Commerce Commission determined that a rate of 12 cents on hardwood lumber from Memphis to New Orleans for export was unreasonable and should be reduced to 10 cents, laches was not a sufficient reason for denying complainants reparation with reference to shipments made prior to the filing of the complaint.
    [Ed. Note.—For other cases, see Commerce, Dec. Dig. § 88.*]

2. EVIDENCE (§ 584*)—WEIGHT—"CONCLUSIVE EVIDENCE."
    "Conclusive evidence" is that which is incontrovertible, that is to say, either not open or not able to be questioned, as, where it is said that a thing is conclusively proved, it means that such result follows from the facts shown as the only one possible; the term conclusive proof meaning either a presumption of law or evidence so strong as to overbear everything to the contrary.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2424–2427; Dec. Dig. § 584.*
    For other definitions, see Words and Phrases, vol. 2, p. 1388.]

3. EVIDENCE (§ 596*)—WEIGHT AND SUFFICIENCY—BURDEN OF PROOF.
    In a civil action complainant is not bound to do more than sustain his case by a preponderance of credible testimony.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2446–2448; Dec. Dig. § 596.*]

4. COMMERCE (§ 88*)—INTERSTATE COMMERCE COMMISSION—UNREASONABLE RATE—PROOF OF—REPARATION.
    It was improper for the Interstate Commerce Commission, after having determined that a hardwood lumber rate was unreasonable, to refuse complainant's reparation because the record did not conclusively disclose that the rate was unreasonable prior to the date it was so held; complainants only being bound to show by a preponderance of proof that the rate in the past had not been a just and reasonable rate as it was found by the Commission that it would be if maintained in the future.
    [Ed. Note.—For other cases, see Commerce, Dec. Dig. § 88.*]

Petition by the Thompson Lumber Company and others against the Interstate Commerce Commission, in which the United States and the Illinois Central Railroad Company intervened. Demurrer to petition overruled, with leave to answer.

For opinion of Interstate Commerce Commission, see 13 Interst. Com. R. 657.

W. A. Percy, for petitioners.

P. J. Farrell, for Interstate Commerce Commission.

James A. Fowler, Asst. Atty. Gen., and Blackburn Esterline, Special Asst. Atty. Gen., for the United States.

R. Walton Moore and Frank W. Gwathmey, for Illinois Cent. R. Co.

Before KNAPP, Presiding Judge, and ARCHBALD, CARLAND, HUNT, and MACK, Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ARCHBALD, Judge. This case does not differ in principle from that of Russe & Burgess, 193 Fed. 678, just decided. Indeed, the two are linked together by the Commission, the decision in the one on the subject of laches being given as a reason for the decision in the other.

The rate complained of before the Commission was that on hardwood lumber from Memphis to New Orleans for export. The rate charged was 12 cents a hundred pounds, and complaint was made against the Illinois Central Railroad, the Yazoo & Mississippi Valley Railroad, and the St. Louis, Iron Mountain & Southern Railroad; these being the three lines by which shipments of such lumber are made between the points mentioned at the rate in question. The Commission dismissed the complaint as to the St. Louis, Iron Mountain & Southern, but held that as to the Illinois Central and the Yazoo & Mississippi Valley the 12-cent rate was unreasonable; 10 cents per hundred pounds being fixed as the maximum. The Yazoo & Mississippi Valley was not served in the present case and has not appeared, and the case therefore proceeds only against the Illinois Central.

As to the reparation claimed on the 10-cent basis, the Commission said:

"We cannot award damages in this case based upon the use of the 12-cent rate up to the date of the filing of the complaint because of the laches of the complainants and because the record does not conclusively disclose that the rate was unreasonable prior to said date. The questions of law as to the reparation and the amount thereof under the above ruling will be reserved for consideration at a later date."

Not satisfied with the situation in which the case was so left, the petitioners applied for a rehearing and modification of the order, assigning among other things that the Commission erred in the ruling made; it being urged in that connection in the brief filed that there was no place for the application of the doctrine of laches, nor for any limitation other than that imposed by the statute, and that in holding the petitioners to conclusively prove the unreasonableness of the rate prior to the filing of the complaint the Commission was enforcing a degree of proof not justified upon any principle. But notwithstanding this, and with its attention thus called to the matter, the Commission in a further report declined to modify the order. The present bill was then filed, the same as in the Russe & Burgess Case, in the Circuit Court of the United States for the Northern District of Illinois, and after the same intermediate proceedings comes up now on demurrer by the Interstate Commerce Commission joined in by the United States and the Illinois Central Railroad intervening.

[1] Nothing need be added to what is said in the Russe & Burgess Case on the subject of laches. So far as the action of the Commission in refusing complete reparation is based on the application of that doctrine to shipments which preceded the filing of the complaint, it is clearly invalid.

[2] The other ground assigned by the Commission for its action, in our judgment, is equally untenable. To require conclusive proof of the unreasonableness in the past of the rate complained of was to

set up a standard which is exacted, if ever, in only the most extreme cases.

"Where an adverse presumption is to be overcome, or, on grounds of public policy and in view of peculiar facilities for perpetrating injustice by fraud and perjury, a degree of proof is sometimes required which is variously designated as 'clear,' 'clear and conclusive,' 'clear, precise, and indubitable,' 'convincing,' 'unequivocal,' etc." 17 Cycl. 771.

Conclusive evidence is that which is incontrovertible; that is to say, either not open or not able to be questioned. Wood v. Chapin, 13 N. Y. 509, 515, 67 Am. Dec. 62. Where it is said that a thing is conclusively proved, it means that that result follows from the facts shown as the only one possible. People v. Stephenson, 11 Misc. Rep. 141, 32 N. Y. Supp. 1112, 1114. Conclusive proof means either a presumption of law, or evidence so strong as to overbear everything to the contrary. Haupt v. Pohlmann, 24 N. Y. Super. Ct. 121, 127.

[3] In a civil action the complainant is never bound to do more than sustain his case by a preponderance of the credible evidence. Louisville & Nash. R. R. v. Jones, 83 Ala. 376, 3 South. 902; Ford v. Chambers, 19 Cal. 143; Treadwell v. Whittier, 80 Cal. 574, 22 Pac. 266, 5 L. R. A. 498, 13 Am. St. Rep. 175; Williams v. Watson, 34 Mo. 95; Stearns v. Field, 90 N. Y. 640; Crabtree v. Reed, 50 Ill. 206; McDeed v. McDeed, 67 Ill. 545; Graves v. Colwell, 90 Ill. 612. To instruct a jury that they must be conclusively convinced is a manifest error. Hiester v. Laird, 1 W. & S. (Pa.) 245.

[4] In the case in hand it was only necessary for the petitioners to show by a preponderance of proof that the rate in the past—as it was found by the Commission that it would be for the future—was not a just or reasonable rate; and, if they did this, it was all that could be required of them. No doubt the Commission had the right to call for proof that was reasonably convincing. But it had no right to array itself against that which was produced, to the extent of holding that it was not conclusive; which was in effect saying that nothing short of what was incontrovertible would satisfy it.

Nor can this be passed over as an inadvertence or as meaning no more than that the evidence so far as concerned the past was not satisfactory. If this was all there was to the case, of course nothing could be made of it. But by the petition for a rehearing and the argument that was made in that connection the attention of the Commission was directly called to the effect of the ruling, and after due consideration it was adhered to. If therefore the matter was left in any doubt by the original report, there can be none by the later one. By the express reiteration of the former ruling it was thereby declared, not that the evidence was not satisfactory or unconvincing, but that it was not conclusive, and that none other would be sufficient. This was asking more of the petitioners than was warranted, and the action of the Commission in refusing reparation as to the past upon that ground is invalid.

It is said, however, that the question of reparation was reserved for further consideration, and that there is therefore nothing final. But according to the report the only reservation was of the question

of law as to the amount of reparation to which the parties were entitled under the ruling made, which in no respect relieves the situation. As already said in the Russe & Burgess Case, the petitioners were entitled to have the reasonableness or unreasonableness of the rate in controversy considered and determined fairly and squarely upon the merits, unhampered by any misconception as to the extent or character of proof required of them, and they are now entitled to be relieved from the adverse result under which they rest, which has been brought about by the error complained of. As the case stands, they have applied for relief and been put off with only a part of that which they claim; the rest having been ruled out on a clear misapprehension.

The demurrer is overruled with leave to the respondents to answer over.