ILLINOIS BANKERS LIFE ASSURANCE CO. *v.* STRINGHAM.

1. Insurance—Cancellation of Policy—Fraud—Burden of Proof.
   In suit to cancel reinstatement of life insurance policy for fraud, after death of insured, plaintiff has burden of proof of fraud which it must establish by a preponderance of the evidence, not beyond a reasonable doubt nor to an absolute certainty.

2. Same—Burden of Proof—Medical Opinion.
   Plaintiff *held*, to have sustained burden of proof in suit to cancel life insurance policy for fraud in reinstating it, where medical opinion on clinical examination was that he had tuberculosis although the doctors could not be certain as they had not made their test according to the most scientific and accurate method.

3. Same—Fraud—Evidence.
   Policy of life insurance is set aside for fraud where the overwhelming evidence is that assured was afflicted with tuberculosis when he applied for reinstatement approximately two years prior to his death from that disease.

Appeal from Eaton; McPeek (Russell R.), J. Submitted June 19, 1934. (Docket No. 130, Calendar No. 37,947.)   Decided September 18, 1934.

Bill by Illinois Bankers Life Assurance Company, an Illinois corporation, against Ruby J. Stringham for cancellation of a life insurance policy and for an injunction restraining a suit at law. Bill dismissed. Plaintiff appeals. Reversed, and decree entered for plaintiff.

*C. B. Fisk Bangs* (*John H. Passmore,* of counsel), for plaintiff.

*Rosslyn L. Sowers,* for defendant.

Fead, J.   The suit is to cancel, for fraud, reinstatement of a life insurance policy issued in 1917, which lapsed for nonpayment of premium in 1930. The assured, Jesse T. Stringham, died May 23, 1932.

Both the original application, made a basis of reinstatement, and the application for reinstatement contained the usual representations that assured was in sound health, and had not and did not have consumption nor other serious disease. The claim of fraud is that the representations were false.

Stringham was a veteran of the Spanish-American war. In 1900 he filed sworn declaration for invalid pension, stating he was unable to earn a living by reason of "varicocele of left side and disease of lungs," and that to the best of his knowledge the disabilities were permanent. Supporting affidavit of Dr. Stimson, filed in 1902, averred, in addition to specific symptoms, that assured's lungs were in "very bad condition" and he had advised him to go west on account of them.

In 1926, assured filed application for increased pension in which he stated he was disqualified from

manual labor by reason of "varicocele and lung trouble," to the best of his belief permanent. Dr. Moyer supported the application by affidavit, stating he had "examined said Jesse T. Stringham at least twice a year for seven years, and have noted the progress of his disease, which is T. B. of the lungs. He has a cavity in one lung practically healed but at times causes him a good deal of trouble;" and further stating that the condition was bound to be progressive, was worse each winter, the doctor was positive it had progressed in the preceding six months but expected improvement during warm weather.

In proof of death submitted to plaintiff, defendant stated the character of the assured's last illness to be a "bad cough and troubled breathing;" an acquaintance made a statement that the assured had been in poor health for about a year and death had resulted from lung trouble; the attending physician, Dr. Moyer, gave both the remote and immediate causes of death as "T. B." The death certificate stated the cause of death as "T. B. of both lungs."

In the medical examination for the original policy the assured, in answer to a question whether he had ever applied for pension, stated: "Yes, for varicocele." In his report, Dr. Huber, the medical examiner, stated he found no indication of tuberculosis or serious disease, past or present. He confirmed his report on the stand. Similar statement was made in the medical report on reinstatement by Dr. Stealy, who, however, was not sworn as a witness. It does not appear that assured mentioned his lung troubles to the examiners.

Drs. Stimson, Moyer and Rickerd, the latter a member of the pension examining board in 1926, tes-

tified.  It was shown that Stringham was a stone-cutter from 1913 to 1929 and that the occupation produces dust which, getting into the lungs, causes a condition somewhat similar to consumption.  All the doctors testified that assured had lung trouble. None gave an opinion that it was stone dust disease.  Drs. Stimson and Moyer did not deny their diagnoses as set up in the pension papers and proof of death.  Their attitude is that, as put by Dr. Stimson, "clinically" they had found tuberculosis but "pathologically" they did not know.  They said that without a microscopic examination of sputum they could not be certain assured had consumption.

Plaintiff has the burden of proof of fraud, not beyond a reasonable doubt nor to an absolute certainty but by a preponderance of the evidence.  The evidence is convincing that assured had lung trouble from 1900 to the time of his death and it was the cause of death.  The medical opinion, so far as stated, is that he had tuberculosis.  Against the opinion is only a possibility that his lung trouble arose from stone dust, so remote a possibility that no doctor hazarded an opinion that stone dust, and not tuberculosis, was the trouble.

The essential question is whether plaintiff had the burden of proof beyond a doubt and must fail because the doctors stated that they could not be certain that assured had tuberculosis as they had not made a test according to the most scientific and accurate method.  Such standard of proof of the character of disease and cause of death could not fail to work injustice in innumerable cases where claims are made under policies.  It would destroy the evidentiary value of opinions of physicians who have not at their command the means of the ultimate test.  As between medical opinion based upon "clin-

ical'' diagnosis and a mere remote possibility there can be no choice.

The overwhelming evidence is that the assured was afflicted with tuberculosis when he applied for reinstatement and the policy must be set aside for fraud.

.Decree is reversed and one will be entered in accordance with this opinion, with costs.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.