WILLIAM R. NELSON v. STERLING EVANS, Appellant.—93 S. W. (2d) 691.

Division Two, April 23, 1936.

992

*Mosman, Rogers, Bell & Buzard* for appellant.

*Harvey Roney* and *Carl Borello* for respondent.

WESTHUES, C.—This is an action to recover damages for alleged personal injuries. There was a verdict for appellant, defendant below. The trial court sustained the motion for a new trial and appellant appealed. In the petition the respondent, plaintiff below, asked for a judgment in the sum of $10,294.45 hence our appellate jurisdiction. The trial court granted a new trial because of alleged error in giving defendant's Instruction (d).

Respondent has briefed the case here and contends that the trial court erred in giving instructions numbers (a), (b), (c) and (d) as requested by appellant. To intelligently discuss the correctness of instructions (b), (c) and (d) it will be necessary to state the facts. The alleged injury, sustained by plaintiff, resulted from a

collision of plaintiff's car and a truck owned by defendant and driven by one McBroom. This collision occurred at about seven-thirty P. M., September 26, 1931, on Spring Branch Road, between Kansas City and Independence, Missouri. The roadway was surfaced with macadam sixteen feet in width. Plaintiff was traveling east and was following another car, driven by a man named Webb. McBroom was traveling west with a truck load of apples. A milk truck was standing partly on the shoulder on the north side of the road near the top of a hill. The collision occurred about forty feet east of this standing truck.

Plaintiff's case was submitted to a jury upon the theory that as McBroom was approaching the milk truck he turned to the left and over to the south side of the highway into the path of plaintiff's car. There was evidence to support plaintiff's theory. The defendant introduced evidence to the effect that plaintiff was driving his car at a high and dangerous rate of speed and that he was attempting to pass the car ahead of him, driven by Webb, and as he attempted to do so drove his car to the north side of the roadway into the path of McBroom's truck. Disinterested witnesses testified that they were in a filling station a short distance west of where the collision occurred; that both plaintiff and Webb were driving at a high rate of speed and were apparently racing.

Instruction (d) reads as follows:

"The court instructs the jury that under the law of this state the duty was upon the plaintiff to exercise the highest degree of care and caution in the management, control and operation of his automobile at the time in question, and if you find and believe from the evidence that the plaintiff failed to exercise the highest degree of care and caution, if so, in the management, control and operation of his automobile in that he negligently and carelessly failed to keep and maintain a reasonably careful and vigilant lookout for other vehicles upon the road he was traveling (if you find that he did so fail), and that as a result of such failure, if any, the automobile, which plaintiff was driving, was caused to collide with the defendants' automobile truck, and if you further find that G. W. McBroom was at all the times in the exercise of the highest degree of care and caution in the management, operation and control of his automobile, then your verdict must be for the defendant.

"(Given.)"

Respondent in his brief states that there was no evidence upon which to base this instruction. Respondent testified that he first saw the truck immediately after passing over the brow of the incline and that he was then within fifty or sixty feet thereof. It is, therefore, argued that respondent saw the truck at the first moment it was visible. McBroom testified that as he was ascending the

hill he noticed a glare from the lights of an approaching car; that he also noticed the milk truck standing partly on the highway and therefore slowed down intending to stop within forty feet thereof; that when his truck was about at a standstill plaintiff's car was approaching at a high rate of speed and turned to the north, just as he passed the milk truck, as if to pass Webb's car; that then plaintiff's car skidded, the rear end striking the front end of the truck bending the frame work and driving the front wheel under the truck. The truck did not move after the impact and there is evidence that it was on the north side of the center of the road with the right wheels over on the shoulder. Assuming that evidence to be true, which of course we must do for the purpose of discussing this instruction, then the plaintiff saw the truck only a second before the impact. It is evident that McBroom noticed plaintiff's car approaching for a much longer period because he had nearly brought his truck to a standstill at the time of the collision. This could not have been done in a second. It was extremely dangerous for plaintiff to attempt to pass Webb's car as it was passing over the hill. The jury was authorized to find that plaintiff could have, by the exercise of the highest degree of care, discovered, more than a second before the impact, that a car was approaching from the opposite direction. McBroom testified that the headlights of the truck were lighted. It is in evidence that at the point of collision the glare of the lights was visible before the truck could be seen. The jury was, therefore, authorized to find that had plaintiff kept a proper lookout for an oncoming car the collision would not have occurred. We, therefore, rule the point against respondent.

It is further contended that the instruction authorized a verdict for defendant if the jury found that plaintiff failed to maintain proper vigilance and that the failure to keep a proper lookout can never be the proximate cause of a collision. The case of Robinson v. Ross (Mo. App.), 47 S. W. (2d) 122, l. c. 125, is cited as an authority. The point now under discussion was not ruled upon in that case. The opinion expressly so states. The court in the course of the opinion did say:

". . . One's failure to look is never the direct cause of a collision but such a failure merely prevents one from doing other things, in a pertinent case, such as stopping the car or swerving or sounding a warning, in order to avoid a collision."

The opinion goes on to say that that question was not presented to the court.

The failure to keep a proper lookout is in many cases the only negligent act proven to support a verdict. In Alexander v. St. Louis-San Francisco Railroad Co., 38 S. W. (2d) 1023, l. c. 1026 (2), 327 Mo. 1012, it was held that plaintiff's lack of vigilance con-

stituted negligence as a matter of law, barring a recovery on primary negligence. To the same effect is the case of Woods v. Moore, 48 S. W. (2d) 202, 1. c. 207 (7-9), an opinion by the Kansas City Court of Appeals. It ought, therefore, be sufficient to authorize a verdict if a jury finds that a party was negligent in failing to keep a proper lookout and that such negligence resulted in a collision or damage. So in this case it was sufficient, under the law, to authorize a verdict for the defendant if the jury found, under Instruction (d), that plaintiff was negligent in having failed to keep a careful and vigilant lookout and that as a result of such failure plaintiff's car was caused to collide with defendant's truck and that the driver of the truck was at the time exercising the highest degree of care. We do not believe it necessary in such instructions to require the jury to further find that because of such failure to keep a lookout the negligent party failed to stop, or swerve, or sound a warning. By Instruction (d) the jury was required to find, before authorizing a verdict, a causal connection between the negligence and the collision, also due care on the part of the defendant. We, therefore, rule that the trial court improperly granted respondent a new trial because of the giving of Instruction (d).

What we have said also disposes of respondent's contentions with reference to instructions (b) and (c). These instructions were worded substantially the same as Instruction (d) except that they were based upon the evidence with reference to the excessive speed at which plaintiff was driving and upon the evidence that appellant drove his car to the north or left-hand side of the road. It must be understood that our discussion with reference to Instruction (d) has to do with primary negligence and not the humanitarian doctrine.

Respondent next urges that error was committed in giving Instruction (a) on part of appellant, which reads as follows:

"The court instructs the jury that the charge laid by the plaintiff against the defendant is one of negligence. Negligence is a positive wrong, and therefore, in this case is not presumed. In other words, a recovery may be had on a charge of negligence only when such charge is sustained by a preponderance, that is, the greater weight of the credible evidence to the reasonable satisfaction of the jury that the charge is true as laid, and it does not devolve upon the defendants to disprove the charge but rather the law rests the burden of proof in this respect upon the plaintiff, and such charge of negligence must be sustained by the preponderance, that is, the greater weight of the credible evidence to the reasonable satisfaction of the jury as stated.

"If, therefore, you find the evidence touching the charge of negligence against the defendant is evenly balanced, or the truth as to the charge of negligence as against the defendant *remains undeter-*

*mined in your minds,* after fairly considering the evidence, then your verdict must be for the defendant.

"By the term preponderance as used in this instruction is not meant the greater number of witnesses testifying, but is meant that evidence which is more satisfactory and convincing to the minds of the jury.

"(Given.)" (Italics ours.)

This court has frequently condemned instructions of this type. In Koebel v. Tieman Coal & Material Co., 337 Mo. 561, 85 S. W. (2d) 519, 1. c. 523 (2), many recent cases were cited so holding, and in Aly v. Terminal Railroad Assn. of St. Louis, 78 S. W. (2d) 851, 1. c. 854 (6), 336 Mo. 340, we cited cases as far back as Williams v. Watson, 34 Mo. 95, holding such instructions to be erroneous. We cautioned, in Mitchell v. Dyer, 57 S. W. (2d) 1082, 1. c. 1083, that a short simple instruction ought to be sufficient on the subject of the burden of proof. This ruling was referred to and approved in Rouchene v. Gamble Const. Co., 338 Mo. 123, 89 S. W. (2d) 58, 1. c. 63 (12), where it was suggested that a short instruction on the burden of proof with a definition of what is meant by burden of proof is all that ought to be given in civil cases. Appellant in his brief states that the instruction in this case was drawn with the above decisions in mind and to correct the error pointed out in those cases. The instruction is virtually the same as those condemned except that the part we italicized in the second paragraph, namely, "remains undetermined in your minds," was substituted for "remains in doubt in your minds." The meaning of the instruction was not materially altered by this substitution. Note that the instruction told the jury that if the truth as to the charge of negligence remained undetermined in their minds then they should find for the defendant. Is it not sufficient if they determine the evidence introduced by a plaintiff to be more convincing to them and more worthy of belief than that offered by the defendant? In our opinion a verdict for a plaintiff is justified if a jury has determined that the plaintiff has offered substantial evidence in support of his claim which outweighs and is more convincing than the evidence offered by the defendant. [See Rouchene v. Gamble, 338 Mo. 123, 89 S. W. (2d) 58, 1. c. 63 (12) and authorities there cited. Also, see, authorities heretofore cited as compiled in Aly v. Terminal Railroad Assn. of St. Louis, supra, and Koebel v. Tieman Coal & Material Co., supra.] We are of the opinion that the instruction under consideration is subject to the same criticism as the instructions we condemned in the above cases. A greater burden is cast upon a plaintiff by such an instruction than the law imposes. [See 23 C. J., p. 12, sec. 1745, also 64 C. J., 710, sec. 619.]

We take this opportunity to condemn this instruction for an-

other reason. Its wording creates the impression that the defendant stands charged with a violation of the Criminal Code. In this instruction the court informs the jury that the defendant stands charged with negligence, a positive wrong, not to be presumed; that the burden rests upon the plaintiff to prove the charge by a preponderance of the evidence to the *reasonable satisfaction* of the jury and that unless the jury can determine the truth of the charge against the defendant the verdict must be for the defendant. We have stated the substance of the instruction. As worded it certainly casts upon the plaintiff a burden about equal to the burden resting upon the State to prove a criminal charge. The instruction is calculated to impress the jury that if they find a verdict for plaintiff they are at the same time convicting the defendant of an offense. Does not the instruction inform the jury that the defendant stands charged with a positive wrong? Would the jury not be likely to believe that this meant an intentional wrongful act? We deem an instruction erroneous which creates such an impression. Generally speaking ordinary negligence is not a positive wrong as that term is ordinarily understood.

The burden a plaintiff must carry under such an instruction does not conform with the law. In the notes of 23 Corpus Juris, page 14, we find the following:

" 'When the equilibrium of proof is destroyed, it matters not how slightly, the jury in a civil action are warranted in rendering a verdict in favor of the side to which the beam tilts.' "

This was taken from Bauer Grocery Co. v. Sanders, 74 Mo. App. 657, l. c. 660. In that case an instruction was held erroneous because it required the jury to find that the alleged fraud must be clearly proven in order to justify a verdict. [See, also Lumsden v. Howard, 236 S. W. 420, l. c. 422 (4); In re Wray's Estate (Mont.), 19 Pac. (2d) 1051; Jackson v. Delaware, L. & W. Railroad Co., 170 Atl. 22, 111 N. J. L. 487; Weiner v. Aetna Ins. Co. (Neb.), 256 N. W. 71; Illinois Bankers' Life Assur. Co. v. Stringham, 256 N. W. 352, 268 Mich. 360.

The law was tersely stated in Thompson Lumber Co. v. Interstate Commerce Commission (Com. Ct.), 193 Fed. 682, l. c. 684:

"In a civil action the complainant is never bound to do more than sustain his case by a preponderance of the credible evidence."

Instructions should be worded so as to conform to this rule, as suggested in Rouchene v. Gamble, supra, where Division One of this court said:

"Instructions on burden of proof should not state too many technical rules and, if an attempt is made to go into degrees of preponderance of evidence, it is almost certain to get the matter so complicated that a jury of laymen will have no idea at all as to

what is meant. 'A short, simple instruction, telling the jury that the burden is on plaintiff to prove his case by a preponderance or greater weight of the credible evidence, and that unless he has done so the jury must find for defendant, ought to be sufficient to inform the jury what plaintiff is required to do. A plain declaration to that effect will be easily understood by a jury. The more the instruction is elaborated upon, the more complex it becomes and the more it is likely to be misunderstood.' [Mitchell v. Dyer (Mo.), 57 S. W. (2d) 1082, l. c. 1083; 23 C. J. 16, sec. 1749.] Certainly all that ought to be required, in addition to such a statement as to which party has this burden, should be a clear definition of preponderance of evidence, informing the jury that what is meant thereby is evidence which is more convincing to them as worthy of belief than that which is offered in opposition thereto. [See 1 Randall, chap. 17, secs. 245-256; 3 Randall 2684, sec. 2354; McQuillin on Instructions, 204, 205, secs. 255, 256; 23 C. J. 16, sec. 1749; 10 R. C. L. 1012, sec. 204; see, also, Hite v. St. Joseph & G. I. Railroad Co. (Mo.), 225 S. W. 916; In re Trautmann's Estate, 300 Mo. 314, 254 S. W. 286; Peppers v. St. Louis-San Francisco Railroad Co., 316 Mo. 1104, 295 S. W. 757.]''

So too plaintiffs should heed the admonition contained in the same case in 89 S. W. (2d) 58, l. c. 63 (11). Speaking of an instruction on the burden of proof given at the plaintiff's request the court said:

''It is an instruction upon the burden of proof, which recognizes that plaintiff is required 'to prove the case by the greater weight or preponderance of the evidence,' and says that it is for the jury to determine 'where the greater weight or preponderance lies,' but goes further and says that plaintiff is entitled to a verdict if 'the evidence in this case preponderates in plaintiff's favor, although but slightly.' There may be some basis for such a statement found in the language of the court in Bauer Grocery Co. v. Sanders, 74 Mo. App. 657, l. c. 660. [See, also, 1 Randall on Instructions, 488, sec. 252.] However, statements made in opinions *arguendo* are not meant to be used in instructions to juries and may be misleading rather than helpful when taken out of their context and put into an instruction. [See Geismann v. Missouri-Edison Electric Co., 173 Mo. 654, 73 S. W. 654; Sanders v. City of Carthage, 330 Mo. 844, 51 S. W. (2d) 529.]''

We have extended these remarks because of the growing tendency to so word instructions on the burden of proof as to encroach upon the law. This practice should be discontinued by plaintiffs as well as defendants.

The order of the trial court granting a new trial is affirmed and

the cause remanded because of the giving of Instruction (a). *Cooley* and *Bohling, CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.