258 S.W.2d 676 (1953)
TRZECKI
v.
ST. LOUIS PUBLIC SERVICE CO. et al.
No. 43233.
Supreme Court of Missouri, Division No. 1.
June 8, 1953.
*677 Edward W. Fredrickson and William L. Mason, Jr., St. Louis, for appellant.
Mattingly, Boas & Richards and Robert E. Brauer, St. Louis, for respondent.
VAN OSDOL, Commissioner.
In this action for personal injuries a jury returned a verdict for $9,300 damages in favor of plaintiff and against defendant St. Louis Public Service Company, and the jury's verdict was against the plaintiff and in favor of defendant City of St. Louis. The trial court sustained defendant St. Louis Public Service Company's motion for a new trial, and plaintiff has appealed from the new trial order.
The trial court, in stating the ground for sustaining the motion for a new trial, specified Assignment No. 17 of the motion which assigned error of the trial court "in overruling a motion of this defendant for a mistrial and for the discharge of the jury which motion was predicated on the highly inflammatory remarks during final argument by plaintiff's attorney to the effect that the defendants could and should have produced Dr. Mellies, the plaintiff's attending physician."
Herein upon appeal plaintiff-appellant contends the trial court erred in sustaining the motion for a new trial. Plaintiff contends she had waived her patient-physician privilege of confidence, Section 491.060 RSMo 1949, V.A.M.S., and her physician, Dr. Mellies, became equally available as a witness for defendants. And plaintiff further asserts that the physician, because of his advanced age and ill health, was not in fact available as a witness for either of the parties, plaintiff or defendants; consequently plaintiff contends, the remarks by plaintiff's counsel were justified in answer to the improper remarks of defendants' counsel in commenting unfavorably upon plaintiff's failure to call Dr. Mellies as a witness. Defendant-respondent, St. Louis Public Service Company (sometimes hereinafter referred to as "defendant"), contends its motion for a new trial was correctly sustained on the assigned groundit is said the trial court's action was within the trial court's sound discretion; and defendant further asserts that Instruction No. 2, given at plaintiff's instance, was prejudicially erroneous and the motion for a new trial should have been sustained on the assigned ground of error in the Instruction No. 2. Defendant also contends the amount of the jury's award was grossly excessive.
Plaintiff-appellant was a passenger on defendant's streetcar which had moved northwardly on Grand Avenue in St. Louis. As the streetcar had approached the safety zone near the southeast corner of the intersection of North Market Street and Grand Avenue, and automobile had stopped on the streetcar tracks just south of the intersection, and defendant's operator brought the streetcar to a stop 18 or 20 feet south of the north end of the safety zone. Plaintiff got off the "back half" of the front door, which is "a double door." She "stepped down" with her left foot, while the right was still on the lower streetcar step. She stepped into a hole in the surface of the street; her foot turned; she fell "full length" northwardly; and her left ankle, left elbow and left hand were injured.
The hole was about eight inches long, three and one-half inches wide, and an inch and a half deep; it was a little east of (or right in) the yellow mark which delineates the west side of the safety zone, and which mark also indicates the extent of the "overhang" of a streetcar.
Plaintiff was injured a little before eight o'clock in the evening of Saturday, August 11, 1951. The following Monday morning plaintiff went to the office of Dr. Mellies for treatment. Plaintiff testified that Dr. Mellies had been her family physician *678 for about twenty-four years. She had not been to see him for "months before the accident", but at that time Dr. Mellies treated her for "about a week" for arthritis in her right shoulder.
It is important to here state that, upon the trial of the issue of damages, the questions were whether partial disability of plaintiff's left hand and left ankle was due to the injury of August 11th, or whether the disability was due, wholly or in part, to a pre-existing arthritic condition.
On voir dire examination counsel for plaintiff had stated to the panel of veniremen that plaintiff had been treated by Dr. Mellies for her injury, but that the doctor "will not be able to be here"; and that the doctor's nurse "will be here with his records."
Dr. Mellies' nurse testified that the doctor was seventy-eight years of age, and had not made house calls for eight years. He limits his practice to two hours a day "because he tires very easily due to his heart ailment." He can "go" only about two hours and "then he relaxes." He tries to keep away from excitement. The nurse identified records of treatments by the doctor at his office from plaintiff's first visit, August 13th after her injury, to and including her visit of April 16, 1952. The records were received into evidence. The nurse also testified of her observations of plaintiff's condition, and of Dr. Mellies' treatment and instructions to plaintiff as a patient. Another physician, who had examined plaintiff, also testified relating to plaintiff's physical condition.
In the argument, defendants' counsel referred to and emphasized the fact that Dr. Mellies had not been produced as a witness for plaintiff; and in the final argument plaintiff's counsel said, "Now, Mr. Shanahan (counsel for defendant City of St. Louis) also spoke some about why didn't we bring Dr. Mellies in? that he could have told you about this, he could have told you about something else. Now, that isn't arguing evidence, that's arguing on the part of a lawyer, because the fact remains that Mr. O' Herin (counsel for defendant St. Louis Public Service Company), Mr. Shanahan could have brought Dr. Mellies in here just as well as I could." Defendants objected to the argument, and the objection was sustained. Defendants asked that the jury be instructed to disregard the argument, and the jury was so instructed. Defendants moved for a mistrial, and the motion was overruled.
As stated, it is the contention of plaintiff that, inasmuch as she testified of her treatment by her physician, Dr. Mellies; had introduced records of her physician's treatment; and had introduced the testimony of another physician relating to her physical condition as it was after the casualty, she waived the patient-physician confidential privilege theretofore existing between her and her physician and thereby Dr. Mellies became quite as available as a witness for defendants as for plaintiff. However, conceding plaintiff had waived the patient-physician privilege, the waiver did not make the physician "equally available" as a witness for defendants in the sense that the basis for the unfavorable inference which may be drawn from the failure of a party-patient to call his physician was thereby destroyed. The term "available," in this connection, does not mean merely available or accessible for service of compulsory process, or subpoena. The question whether a witness "is `available' to one or the other of contending parties depends upon such matters as the one party's superior means of knowledge of the existence and identity of the witness, the nature of the testimony that the witness would be expected to give in the light of his previous statements or declarations, if any, about the facts of the case, and the relationship borne by the witness to a particular party as the same would reasonably be expected to affect his personal interest in the outcome of the litigation, and make it natural that he would be expected to testify in favor of the one party and against the other." Blick v. Nickel Sav. Inv. & Bldg. Ass'n, Mo.Sup., 216 S.W.2d 509 at page 512, quoting from Chavaries v. National Life & Accident Ins. Co. of Tennessee, Mo.App., 110 S.W.2d 790, at page 794. See also Narens v. St. Louis Public Service Co., Mo.App., 238 S.W.2d 37.
*679 The cases cited by plaintiff, Wells v. City of Jefferson, 345 Mo. 239, 132 S.W.2d 1006; Hemminghaus v. Ferguson, 358 Mo. 476, 215 S.W.2d 481, do not support plaintiff's contention that her waiver of the patient-physician privilege made the physician, Dr. Mellies, "equally available" as a witness for defendants. In the Hemminghaus case this court recognized the decision in the cited case of McInnis v. St. Louis-Southern, Inc., 341 Mo. 677, 108 S.W.2d 113, wherein it was held that even though a party be conceded to have waived his statutory confidential privilege with respect to his physician as a witness at the trial, yet he cannot relieve himself of the unfavorable inference that may be drawn from his failure to call the physician by suggestion that the adversary party could call the witness this because of the greater availability of the physician to the patient, and the fact that the adversary party by calling the physician as a witness would be compelled to vouch for the physician's credibility, and would also be deprived of the right of cross-examination.
In the instant case argument of plaintiff's counsel was such as would lead the jury to believe that Dr. Mellies was equally available as a witness for defendants, thereby tending to destroy the basis of the inference which counsel for defendants had the right to urge and had urged in their argument.
Plaintiff in her reply brief reminds us that on voir dire plaintiff's counsel had stated that Dr. Mellies, by reason of age and ill health, could not be present in court; and again by the testimony of Dr. Mellies' nurse the facts of the doctor's age and ill health were shown in evidence, and were in no way disputed by defendants. Consequently, plaintiff asserts, it was error of defendants to comment on plaintiff's failure to produce the doctor as a witness because Dr. Mellies was in fact available to neither plaintiff nor defendants. From these premises plaintiff argues that defendants improperly referred to the fact that Dr. Mellies was not a witness for plaintiff, and that plaintiff's argument in reply was justified in view of defendants' improper remarks. In this connection plaintiff cites the case of Narens v. St. Louis Public Service Co., supra, wherein plaintiff's counsel in argument urged an unfavorable inference from defendant's failure to produce one of its employees, the operator of the streetcar. The Narens case, however, is to be distinguished from the instant case. In that case, upon review, the trial court was held to have abused its discretion in refusing defendant's request to reopen the case in order to permit defendant to introduce evidence tending to correct an asserted material error of a reporter in transcribing the testimony of defendant's operator whose deposition had been taken prior to trial. Plaintiff had introduced the deposition into evidence. The asserted error in transcribing the operator's testimony was probably first discovered by defendant's counsel during the trial. At the time of trial, the defendant's operator, according to the testimony of his wife, was at some inaccessible place near Sullivan, Missouri. Consequently, it was said to have been beyond the bounds of legitimate argument for plaintiff's counsel to urge an inference unfavorable to defendant because of the absence of the witness. Under the facts it could not be said the operator was in fact available to either party. Certainly, at the time of the trial (when the point of the materiality of the asserted error in transcribing the operator's testimony was first ascertained), it was not "within the power" of the defendant to produce the witness. See Vol. II, Wigmore on Evidence, 3d Ed., § 286, p. 166.
In the instant case defendants (and the jury) were not bound by the statements of plaintiff's counsel on voir dire, nor were defendants and the jury bound by the testimony of the nurse to the effect that the doctor was unable to appear in court. Plaintiff had not sought to produce the doctor by compulsory process, nor had plaintiff taken the doctor's deposition, yet plaintiff had the advantage of the showing of the records as kept by the doctor relating to her physical condition and treatment and defendants were deprived of the opportunity of cross-examining the doctor. In this situation we are of the opinion the trial court was right in sustaining the objection *680 to the argument of plaintiff's counsel and in instructing the jury to disregard the argument. The trial judge, in considering the motion for a new trial, was in an excellent position to judge whether these rulings had been sufficient to purge the prejudicial effect of plaintiff's improper argument. So, notwithstanding these rulings, we are unable to say that the trial court abused its discretion in sustaining the motion for a new trial on the ground of failure to declare a mistrial because of such argument. With respect to argument of counsel, the trial court is vested with a discretion which will not be overruled unless it is shown to have been arbitrarily exercised. Jones v. Kansas City, Mo.Sup., 76 S.W.2d 340.
Instruction No. 2, given by the trial court, at the request of plaintiff, submitted to the jury the facts that plaintiff was a passenger on defendant's northbound streetcar; that defendant's operator brought the streetcar to a stop for the purpose of permitting passengers to alight at a regular stopping place at or near the intersection of Grand Avenue and North Market Street; that plaintiff attempted to alight from the streetcar through a regular exit door; that defendant's operator had brought the streetcar to a stop with the exit door adjacent to a hole and depression in the surface of the street; that, by reason of the hole and depression, the street was not reasonably safe for persons to step and walk on; "and if you further find and believe from the evidence that by so stopping said streetcar with said door opening near to and adjacent to said hole and depression in said public street, defendant St. Louis Public Service Company, through its said agent and servant, failed to exercise the highest degree of care to select a reasonably safe place for the discharge of plaintiff from its streetcar; and if you further find and believe from the evidence that the said defendant was thereby negligent; and if you further find and believe from the evidence that plaintiff's foot went into the said hole in said street thereby causing her to fall as a direct result of such negligence; and if you further find and believe from the evidence that plaintiff sustained injuries to her person as the direct result of said fall; then you are instructed that your verdict should be for the plaintiff * * *."
Defendant contends the Instruction No. 2, plaintiff's principal verdict-directing instruction, was erroneous in failing to include the requirement of a finding "that defendant's motorman knew or saw, or by the exercise of the highest degree of care should have known or seen, the hole into which plaintiff stepped." In supporting its argument defendant quotes language from the opinion of the dissenting judge in the case of Beahan v. St. Louis Public Service Co., Mo.App., 213 S.W.2d 253, at pages 258-259. However, the duty of defendant to exercise care to select a reasonably safe place for plaintiff, a passenger, to alight contemplated the duty of exercising care to ascertain whether the place where defendant discharged its passengers was reasonably safe. Caley v. Kansas City, 226 Mo. App. 934, 48 S.W.2d 25; Moses v. Kansas City Public Service Co., 239 Mo.App. 361, 188 S.W.2d 538; Beahan v. St. Louis Public Service Co., supra.
In the case at bar, defendant's operator, defendant's witness, testified, "I stopped there a thousand times before probably and no one had ever stepped in the hole. That's the reason I never did see it. * * * The main thing, I was watching that automobile ahead of me and the people that were standing in the zone." But, after she was injured, plaintiff showed defendant's operator the hole into which plaintiff had stepped. "As soon as she (plaintiff) said something about a hole, I (defendant's operator) looked and I could see it." We believe the hypotheses, contained in Instruction No. 2, that the street, by reason of the hole, was not reasonably safe; and that defendant was guilty of negligence (specifically, negligence in failing to select a reasonably safe place for the discharge of plaintiff, a passenger), and the further requirement of the finding of proximate causation, necessarily involved and implicitly required the jury's consideration and finding that defendant's operator saw or, by taking appropriate precautions in selecting a reasonably safe place for plaintiff to alight, should have seen *681 the hole into which plaintiff stepped. See and compare Abernathy v. St. Louis Public Service Co., 362 Mo. 214, 240 S.W.2d 914; Fortner v. St. Louis Public Service Co., Mo.Sup., 244 S.W.2d 10; Kilo v. Howe, Mo.Sup., 257 S.W.2d 640. See also Nelson v. Evans, 338 Mo. 991, 93 S.W.2d 691.
It is now unnecessary to examine defendant's contention that the judgment was grossly excessive. The trial court's order granting a new trial should be affirmed.
It is so ordered.
LOZIER and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.
All of the Judges concur.